# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RÜMEYSA ÖZTÜRK,**<br><br>                      *Petitioner*,<br><br>v.<br><br>**DONALD J. TRUMP,** et al.,<br><br>                      *Respondents*. | Civil Action No. 1:25-cv-10695-DJC |

## DECLARATION OF ATTORNEY MAHSA KHANBABAI

I, Mahsa Khanbabai, declare under penalty of perjury that the following is true and correct:

1. I am an attorney for Petitioner Rümeysa Öztürk. I submit this declaration in support of the Reply in Support of the Amended Petition.

2. I filed a habeas petition on behalf of Rümeysa Öztürk on March 25, 2025 at approximately 10:01 pm in the United States District Court for the District of Massachusetts. The habeas petition appeared on the electronic docket at 10:02 pm.

3. At approximately 10:12 pm, I sent a copy of the habeas petition to Attorney Rayford Farquhar, who is the Chief of Defensive Litigation in the Civil Division at the United States Attorney's Office in the District of Massachusetts. I also spoke with the emergency clerk for the United States District Court for the District of Massachusetts at approximately 10:30 pm. The clerk informed me that they too had let the United States Attorney's Office know about the habeas petition.

4. At approximately 10:55 pm, the Court issued an order that Ms. Öztürk not be moved outside the District of Massachusetts without 48 hours' notice.

1

5. At approximately 10:59 pm, I sent a copy of the Court's order to Attorney Farquhar. I also spoke with the emergency clerk for the United States District Court for the District of Massachusetts at approximately 10:57 pm. The clerk informed me that they too had let the United States Attorney's Office know about the habeas petition.

6. Between the evening of March 25 and the afternoon of March 26, I contacted both the ICE ERO in Burlington, Massachusetts and ICE HSI in Boston, Massachusetts several times to ask about Ms. Öztürk's whereabouts, but I received no response to these inquiries.

7. Between the evening of March 25 and the afternoon of March 26, I checked ICE's Online Detainee Locator System several times for Ms. Öztürk's location, but the "current detention facility" field repeatedly remained blank.

8. A representative of the Turkish consulate went personally to ICE offices in Burlington, Massachusetts on March 26 and was reportedly informed that she was not in that office and that ICE did not have information about her whereabouts.

9. I called Attorney Farquhar on the morning of March 26 to inquire about Ms. Öztürk's location, to ask to speak with her, and to alert him that she has asthma and her medication was not on her when she was detained. Attorney Farquhar told me he did not know where she was and that he would look into it.

10. At approximately 9:55 am, I emailed Assistant United States Attorney Mark Sauter to inform him that I had spoken with Attorney Farquhar to inquire about Ms. Öztürk's location, to ask to speak with her, and to alert him that she has asthma and her medication was not on her when she was detained. Attorney Sauter responded that he was "trying to confirm current location still."

11. At approximately 1:11 pm, I emailed Attorney Sauter and Farquhar to express my dismay that they still had not been able to locate Ms. Öztürk, and to inform them that I would be

filing a motion within the hour asking the Court to order the government to disclose her location and to permit me to speak to her by 6pm.

12. At approximately 1:43 pm, Attorney Sauter responded that he was "continuing to try to obtain information about petitioner's current lcoation" and that he had "asked ICE again for this information."

13. At approximately 3 pm, I filed a motion asking the Court to order the government to disclose her location and to permit me to speak to her by 6pm.

14. At approximately 3:27 pm, Attorney Sauter stated that ICE "informed" him that Ms. Öztürk was transferred to Louisiana in the morning and was en route to a detention facility. He stated "I continue to ask ICE for the detention facility that she will be placed and that she be permitted to contact you."

15. At approximately 3:49 pm, I responded and said that I needed to speak with Ms. Öztürk as soon as possible as it had been nearly 24 hours since she had been detained and I had not had any access to her.

16. At approximately 6:15 pm, Attorney Sauter infomed me that Ms. Öztürk was in a staging facility in Alexandra Louisiana and would be in the South Louisiana ICE processing center.

17. At approximately 7:19 pm, I emailed Attorney Sauter and said that I was alarmed that I had not access to my client for more than 24 hours since her detention.

18. At approximately 8:45 pm, Attorney Sauter informed me that he understood that Ms. Öztürk was now at the South Louisiana ICE processing center and that she could now contact me.

19. At approximately 8:50 pm, I emailed Attorney Sauter and informed him that I still had not been able to speak with Ms. Öztürk.

3

20. At approximately 8:53 pm, Attorney Sauter responded that he would look into it.

21. At approximately 9:45 pm, I was finally able to speak with Ms. Öztürk. This was the first time that I had been able to speak with her since she had been taken into custody at approximately 5:15 pm the day before.

22. At no time following her arrest while Ms. Öztürk was in Massachusetts, New Hampshire or Vermont was I informed where my client was located.

I declare under penalty of perjury that the foregoing is true and correct copy of. Executed on April 2, 2025, in North Easton, MA.

*/s /Mahsa Khanbabai*
Mahsa Khanbabai