# EXHIBIT 8

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

DECLARATION OF VERMONT ASYLUM ASSISTANCE PROJECT DIRECTOR,
JILL MARTIN DIAZ, ESQ.

Pursuant to 28 U.S.C. § 1746, I, Jill Martin Diaz, Esq., Executive Director of Vermont Asylum Assistance Project and Part-Time Lecturer at the University of Vermont, declare under penalty of perjury the following:

1. I am Jill Martin Diaz, my pronouns are they/them, and I am an experienced immigration defense attorney licensed to practice in New York (2017), Vermont (2018), and the District of Vermont (2022) and living and working in Burlington, Vermont.

2. I have worked as an immigration defense attorney for about nine years since 2014, my second year of law school, and spent my other two years of practice in housing and benefits defense at Vermont Legal Aid. Today, I serve as Executive Director of the Vermont Asylum Assistance Project (VAAP; www.vaapvt.org), Vermont's only nonprofit law firm dedicated to direct immigration legal service delivery.

3. At VAAP, I lead a team of two lawyers, dozens of *pro bono* volunteers, and numerous students focused on providing humanitarian immigration legal services to noncitizens in Vermont including individuals seeking removal defense. I also teach immigration service provision as a part-time lecturer in social work at the University of Vermont; direct legal services for Connecting Cultures–New England Survivors of Torture and Trauma (NESTT); serve as an appointed member to the Vermont Judiciary's Access to Justice Coalition and the Vermont Treasurer's Federal Transition Task Force; and co-chair the Vermont Bar Association's Immigration Law Section as well as the Vermont Queer Legal Professionals affinity network.

4. My previous experience includes co-founding and directing the Center for Justice Reform Clinic; lecturing in doctrinal immigration law at Vermont Law and Graduate School; practicing as a Vermont Poverty Law Fellow at Vermont Legal Aid; and practicing as an Immigrant Justice Corps Fellowship at Sanctuary for Families in New York City. I received my Juris Doctor degree, *cum laude* in 2016 from Brooklyn Law School and my Bachelor of Arts degree, *summa cum laude* in 2008 from the George Washington University.

5. Over my eleven years in the legal profession, I have defended detained and nondetailed Vermont and New York respondents in removal proceedings and custody matters in New York, New Jersey, Massachusetts, and Texas Immigration Courts. My removal defense practice experience has included work with Vermont Law and Graduate School's Center for Justice Reform Clinic, Sanctuary for Families New York, Brooklyn Defender Services, Immigrant Defense Project, and Atlas: Developing Immigrant Youth.

6. The St. Albans Immigration and Customs Enforcement (ICE) Office serves as a subordinate office to the ICE Boston Field Office and is where ICE conducts Enforcement and Removal Operations including supervision. It is a small administrative office that has

been staffed by visiting officers on secondment from southern districts for several years since marked attrition over 2020 and 2021. In my years of practice in Vermont, I have only ever seen or heard of people being detained at the St. Albans office upon initial arrest in Vermont. I have never previously seen or heard of people from other states being transferred into the St. Albans Office for detention.

7. Last year, ICE Boston Field Office and St. Albans Sub-Office leadership called a meeting with Vermont immigration legal services providers in Burlington, Vermont to introduce us to new management who would be permanently staffing the office. There, I had the chance to personally meet with Boston and St. Albans ICE leadership, solicit their practice and prosecutorial discretion priorities, exchange contact information to facilitate more efficient resolution of represented parties' immigration custody and removal proceedings. I understood from this engagement and have heard confirmed by numerous and *pro bonos* I supervise, that the St. Albans office is a small, simple administrative office not suitable for long-term custody and detention.

8. Moreover, in my seven years of practicing in Vermont and serving as a local expert on immigration matters, I have never once encountered the case of a detained person who is being transferred into Vermont for the purposes of continued ICE detention. I have only encountered individuals being held in Vermont who were initially detained in Vermont and being held temporarily on their way to longer term detention in nearby over-72-hour facilities. It is even more extraordinary for a person to be transferred into the St. Albans ICE office, which is a government office and not a detention facility.

WHEREFORE, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Washington, D.C. on this 2nd day of April, 2025.

Respectfully Submitted,

/s/

Jill Martin Diaz, Esq.

Executive Director