IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

No. 2:25-cv-00374

*v.*

**Oral Argument Requested**

**DONALD J. TRUMP**, et al.,
*Respondents*

## Motion to Conduct Limited Discovery in Advance of Habeas Hearing

### INTRODUCTION

On May 15, 2025, the Court held a status conference to evaluate proposed conditions of release for Petitioner Rümeysa Öztürk and to establish a schedule in this proceeding, including a plan for discovery before the ultimate merits hearing on Ms. Öztürk's habeas petition, which is anticipated to take place in several months' time. *See* May 15, 2025 Tr. 27:17-28:25.

There is good cause to conduct discovery here, where the government's motivation for targeting, arresting, and detaining Ms. Öztürk is key to adjudicating the unconstitutionality of both the government's arrest and detention of Ms. Öztürk and of the government's policy of targeting and punishing noncitizens based on their First Amendment-protected activities. Discovery should proceed expeditiously on Ms. Öztürk's claims, and the Court should order Respondents to (1) respond within 21 days of this motion's resolution to Ms. Öztürk's requests for production, interrogatories, and requests for admission, attached to this motion, and (2) make available for deposition a limited number of witnesses after document discovery is completed, with no more than 7 depositions to occur.

## BACKGROUND

Ms. Öztürk's claims that her arrest and detention were retaliatory and punitive "have been largely unrebutted by the government." May 16, 2025 Op. & Order ("Bail Op.") at 27. So far, the only documentation before the Court that might offer any hypothetical explanation for why Ms. Öztürk was targeted for arrest and detention is a reference to a March 21, 2025 DHS assessment that she "had been involved in associations that 'may undermine U.S. foreign policy . . . ' including co-authoring an op-ed" that did not violate Tufts University policy or any law, and which was singled out as the basis for punishment because of its viewpoint on the war in Gaza. *See* ECF 91 at 6; Bail Op. at 7. "To date, the government has neither rebutted the argument that retaliation for Ms. Ozturk's op-ed was the motivation for her detention nor identified another specific reason for Ms. Ozturk's detention," Bail Op. at 16, even though—just as an example—the government possesses two memoranda about its purported rationale for revoking Ms. Öztürk's visa and detaining her that it has not produced to her or to the Court, *see* April 14, 2025 Tr. 84:13-87:10 (discussing government memoranda about Ms. Öztürk); ECF 95 & 95-1 (Washington Post article describing those memoranda). And, as the Court has observed, Defendant Secretary of State Marco Rubio has insinuated—without providing any support or citation—that "the government had more evidence than the op-ed to support Ms. Ozturk's detention." April 18, 2025 Op. & Order ("Transfer Op.") at 50.

In response to the government's unsupported public claims that there are justifications for its actions beyond Ms. Öztürk's speech, the Court "invite[d] an immediate submission of any such evidence." Transfer Op. at 57. To date, the government has refused to produce any such evidence, and has indicated that it does not

want such evidence to come forward. *See* May 15, 2025 Tr. 27:3-7. To facilitate the Court's merits review of Ms. Öztürk's habeas petition, the government should produce any evidence as to its motivation for targeting, arresting, and detaining her and other noncitizens who advocate for Palestinian human rights.

## ARGUMENT

### I.    Ms. Öztürk has already presented significant evidence that the government targeted, arrested, and detained her for her speech.

"When intent is an element of a constitutional violation," as it is here, "the primary focus" in determining the impropriety of the government's motivation is to establish whether the government intended, for instance, to "disadvantage all members of a class that includes the plaintiff, or to deter public comment on a specific issue of public importance." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). "Specific proof of improper motivation" is important beyond the motion-to-dismiss stage. *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Such proof "may include expressions by the officials involved regarding their state of mind, circumstances suggesting in a substantial fashion that the plaintiff has been singled out, or the highly unusual nature of the actions taken." *Blue v. Koren*, 72 F.3d 1075, 1084 (2d Cir. 1995). *Cf. Cobb v. Pozzi*, 363 F.3d 89, 108 (2d Cir. 2004) (holding, in the employment context, that "a plaintiff may not rely on conclusory assertions of retaliatory motive," but rather must produce "some tangible proof").[1]

---

[1] The Court has invited further briefing on, among other issues, the appropriate standard for First Amendment retaliation claims in civil immigration habeas proceedings prior to final disposition. Bail Op. at 17 n.2. Ms. Öztürk intends to address this issue in full briefing at a later date. For purposes of this motion, Ms. Öztürk maintains her position as set forth in ECF 122 at 2-7, but regardless of whether *Nieves v. Bartlett*, 587 U.S. 391 (2019), or *Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), governs, discovery into the government's motives is plainly appropriate here.

As previously briefed, Ms. Öztürk has already provided substantial evidence of the government's unconstitutional motive in targeting, arresting, and detaining her and other noncitizens who advocate for Palestinian human rights. This includes: public statements from government officials that Ms. Öztürk's speech motivated their conduct; a March 21, 2025 Memorandum from the Department of State to ICE ("DOS Memorandum"), which cited only the op-ed to support Ms. Öztürk's visa revocation (and, presumably, her detention) and further directed that the revocation be "silent" for "ongoing ICE operational security"; the temporal proximity of the Canary Mission's February 2025 posting of Ms. Öztürk's profile, which mentioned her op-ed, to her arrest, transport, and detention in March 2025; the unusual fact of her detention itself after her visa was revoked; the location, timing, and secrecy of her transfers from Boston to New Hampshire, Vermont, and ultimately Louisiana; and the Trump Administration's pattern of retaliating against noncitizens who advocate for Palestinian rights. *See* ECF 122 at 5-7.

## II.   Further discovery into the government's motives and conduct is appropriate in this habeas proceeding.

In contrast to the considerable evidence Ms. Öztürk has advanced of the unconstitutionality of the government's conduct, "the government has neither rebutted the argument that retaliation for Ms. Ozturk's op-ed was the motivation for her detention nor identified another specific reason for Ms. Ozturk's detention." Bail Op. at 16. The government has refused to produce either the memorandum sent "from senior DHS official Andre Watson to senior State Department official John Armstrong" before Ms. Öztürk's detention stating that "OZTURK engaged in anti-Israel activism in the wake of the Hamas terrorist attacks on Israelis on October 7, 2023," or the March 2025

memorandum from an office within the U.S. Department of State which "determined that the Trump administration had not produced any evidence showing that she engaged in antisemitic activities or made public statements supporting a terrorist organization, as the government has alleged."[2] *See* ECF 103 at 4-6 (improperly invoking deliberative process privilege as shield against production of these memoranda). The Court has "offered the government the opportunity to rebut Ms. Ozturk's evidence showing that her op-ed is the but-for cause of her detention. The government has not done so," Bail Op. at 17—even as the government insists publicly that additional evidence supporting Ms. Öztürk's detention will be presented "if necessary."[3]

As this case proceeds towards a merits hearing and the ultimate adjudication of Ms. Öztürk's claims, the government cannot be allowed to defend the legality of its actions towards her while continuing to withhold documentary or testimonial proof. And if there is no such evidence, then Ms. Ozturk is entitled to discovery to definitively establish that fact and/or to seek adverse inferences based on the lack of any such evidence. *See, e.g.*, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) (court may impose an adverse inference "under its inherent power to manage its own affairs" for non-production of evidence where legal standard is met); *Pace v. Nat'l R.R. Passenger Corp.*, 291 F. Supp. 2d 93, 98 (D. Conn. 2003) (setting forth standard for adverse inference instruction based on spoliation or non-production of evidence).

---

[2] *See* John Hudson, *No evidence linking Tufts student to antisemitism or terrorism, State Dept. office found*, Wash. Post (Apr. 13, 2025), https://www.washingtonpost.com/national-security/2025/04/13/tufts-student-rumeysa-ozturk-rubio-trump/.

[3] U.S. Dep't of State, *Secretary of State Marco Rubio Remarks to the Press* (Mar. 28, 2025), https://www.state.gov/secretary-of-state-marco-rubio-remarks-to-the-press-3/.

To the extent the Court finds that the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") apply to Ms. Öztürk's case, the good-cause standard for discovery is readily met.[4] Under Rule 6, the party seeking discovery must demonstrate "good cause." Habeas Rule 6(a)-(b). "Good cause" exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [she] is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotation marks omitted). As explained above, Ms. Öztürk has presented specifically supported and substantial First Amendment and Fifth Amendment claims that the government has so far failed to refute. She has also brought claims based on the Administrative Procedure Act and the *Accardi* doctrine regarding the government's unconstitutional and unlawful policy of targeting noncitizens for arrest, transport, and detention based on their First Amendment-protected speech advocating for Palestinian human rights, *see* ECF 82-1 at 14, which the Court has not yet evaluated, *see* Bail Op. at 14 n.1, and the government has also failed to refute.

---

[4] Ms. Öztürk does not concede that the Habeas Rules apply here, for two reasons. First, Ms. Öztürk pleaded her claims in a hybrid petition and complaint, and it is the Federal Rules of Civil Procedure that "govern the procedure in all civil actions and proceedings." Fed. R. Civ. P. 1. Second, to the extent the Court construes this request for discovery as made in the habeas context, Section 2254 and 2255 proceedings take place under very different circumstances than those at bar: 2254 and 2255 petitioners have, by the nature of their claims, taken part in criminal proceedings, which have certain procedural and substantive protections (e.g., *Brady*) not available to Ms. Öztürk. And, of course, there is a record of the criminal proceeding, so it makes good sense that a 2254 or 2255 petitioner seeking a habeas writ would need to make a certain showing to get discovery beyond the record that already exists. *Cf. Toolasprashad v. Tryon*, No. 12-cv-734, 2013 WL 1560176, at *3 (W.D.N.Y. Apr. 11, 2013) ("In habeas proceedings, the record before the institution that decided the petitioner's fate is fixed, hence usually there is no need for discovery."). But for purposes of this motion, even if the Habeas Rules apply, Ms. Öztürk satisfies their standard. *See, e.g.*, *Gomes v. U.S. Dep't of Homeland Sec., Acting Sec'y*, 559 F. Supp. 3d 8, 11-12 (D.N.H. 2021) (applying Habeas Rule 6 to grant 2241 petitioners' motion for discovery where petitioners demonstrated good cause for discovery and the discovery sought was "reasonably calculated" to bear on petitioners' claim and live issue in case).

At bottom, if the government has evidence contradicting Ms. Öztürk's claims, it should produce it. There is good cause for discovery in this case because any evidence supporting the government's actions—or the lack thereof—is important to "fully develop[]" the record so that Ms. Öztürk can demonstrate her entitlement to relief. *Bracy*, 520 U.S. at 908.; *see Gomes v. U.S. Dep't of Homeland Sec., Acting Sec'y*, 559 F. Supp. 3d 8, 11-12 (D.N.H. 2021) (granting 2241 petitioner's "reasonably calculated" discovery request); *Phouk v. Warden, Stewart Det. Ctr.*, 378 F. Supp. 3d 1209, 1213 (M.D. Ga. 2019) (same, where petitioner made "specific allegations that are both capable of further factual development and fundamental to the merits of his claim for relief"). *Cf., e.g.*, *Yosef v. Killian*, 646 F. Supp. 2d 499, 504 n.4 (S.D.N.Y. 2009) (denying discovery in § 2241 proceeding where it would not affect the petitioner's eligibility for habeas relief and where respondents had *already provided all relevant documents*).

## III.  Ms. Öztürk seeks limited and focused discovery that is directly relevant to her claims.

Other than her request for bail pending adjudication, Ms. Öztürk has asserted the following claims: (1) First Amendment retaliation; (2) violation of the Fifth Amendment right to due process; and (3) violation of the Administrative Procedure Act and the *Accardi* doctrine. All three are based both on the government's policy of retaliating against and punishing noncitizens for constitutionally protected speech (the "Policy") and on the government's implementation of that Policy as to Ms. Öztürk herself through her targeting, arrest, transfer, detention, and termination of her SEVIS status. *See* ECF 12 at 17-21.

To establish entitlement to relief on those claims, Ms. Öztürk seeks discovery relevant to the following categories of information:

- Respondents' basis and rationale for developing and implementing the Policy, and for implementing the Policy specifically as to Ms. Öztürk;

- Respondents' basis and rationale for initiating an investigation into Ms. Öztürk, whether independently or in response to a request, and for the conclusions reached about Ms. Öztürk (e.g., as described in the memoranda the government has refused to produce);

- Any Respondent's decision to terminate Ms. Öztürk's SEVIS record, including any underlying decision by Respondents to invoke the Foreign Policy Ground in doing so; and

- Respondents' decision and plan to arrest, transfer, and detain Ms. Öztürk, including her transfer out of New England after a court order was issued to prevent her transfer out of Massachusetts.

Requests for production, interrogatories, and requests for admission regarding those categories of information are attached to this motion. Additionally, Ms. Öztürk seeks to take a limited number of depositions, no more than 7, to take place after document discovery concludes and after Ms. Öztürk has a stronger sense of which government witnesses will be best equipped to respond to her questions. Ms. Öztürk's discovery requests are circumscribed and tailored to the needs of this proceeding.

## CONCLUSION

For the foregoing reasons, this Court should grant Ms. Öztürk's request for discovery and order Respondents to (1) respond within 21 days of this motion's resolution to Ms. Öztürk's requests for production, interrogatories, and requests for admission, and (2) make available for deposition no more than 7 witnesses after document discovery is completed.

/s/ Monica Allard
Lia Ernst

Hillary Rich
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601
(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

*Counsel for Petitioner*
Dated: June 16, 2025

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*
CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu

Matthew D. Brinckerhoff*
Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com


*Admitted pro hac vice