IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

No. 2:25-cv-00374

*v.*

**DONALD J. TRUMP**, et al.,
*Respondents*

## PETITIONER'S REQUESTS FOR PRODUCTION
## DIRECTED TO RESPONDENTS

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Rule 34 of the Local Civil Rules for the District of Vermont, and Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner Rümeysa Öztürk ("Petitioner"), by and through her undersigned counsel hereby requests that Respondents Donald J. Trump, Patricia Hyde, Michael Krol, Todd Lyons, Kristi Noem, and Marco Rubio ("Respondents") produce the following documents and things identified and listed below for inspection within twenty-one (21) days of service of this request.

## DEFINITIONS AND INSTRUCTIONS

1. The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) and Local Rule 34 are incorporated by reference.

2. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, components, subdivisions, offices, directors, officers, agents, partners, employees, contractors, consultants, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

1

3. "Foreign Policy Ground" means 8 U.S.C. § 1227(a)(4)(C)(i).

4. "Adverse action" means investigating, monitoring, surveilling, searching property, invoking the Foreign Policy Ground, terminating a SEVIS record or lawful status, refusing to reinstate a SEVIS record, revoking a visa, determining removability, placing in immigration removal proceedings, opposing release on bond or otherwise, seizing, arresting, detaining, removing, or transferring across state lines, or deciding to continue detention.

5. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

6. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

7. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether received or sent.

8. "Concerning" means referring to, describing, evidencing, or constituting.

9. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, iMessage, Signal, or other messaging platform), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes,

minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

10. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

11. "Including" shall be construed to include the phrase "without limitation."

12. The terms "you" and "your" refer to each of the Respondents individually responding to these requests.

13. To the extent a request calls for the production of documents or things you contend are subject to a privilege or immunity from discovery, your written response should so indicate, but you are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, you are requested to produce a redacted version of the document or thing containing the non-privileged information with a notation on the produced document or thing indicating that it is being produced in redacted form.

14. If you are unable to produce any file or document sought in these requests, you shall identify the file or document; state the reasons why you are unable to produce it, describe in detail the efforts you have made to obtain it, and identify its location and/or custodian.

15. Documents responsive to these requests should be produced in the order in which they are ordinarily kept and in a format sufficient to identify the files from which they have been taken. Documents from different files should not be intermingled.

16. Except as otherwise specified, these requests cover the time period January 20, 2025, to the present.

17. These discovery requests are continuing in that they may require supplemental responses. If you obtain further information or documents with respect to any request to which you have already responded, you have a continuing duty to supplement your answer pursuant to Federal Rule of Civil Procedure 26(e) at any time prior to the entry of judgment.

18. For each document or thing request that you object to producing on the basis of any privilege or immunity from discovery, please provide the following information:

   a. The basis for the privilege being invoked;
   b. The date of the document;
   c. The title of the document (if any);
   d. The name of the person(s) authoring the document;
   e. The name of the person(s) to whom the document and/or copies thereof were given or transmitted;
   f. The name of the person9s) from whom the document and/or copies thereof were given or transmitted;
   g. The present location and custodian of the document, and/or any copies thereof; and
   h. The general subject matter dealt with in the document with reasonable specificity to allow Petitioner to determine whether to challenge the privilege designation.

**DOCUMENT REQUESTS**

1. Documents and communications requesting, recommending, or discussing the taking of, and memorializing, explaining, or justifying the decision to take any adverse action against Petitioner, including:

    a. Any document or documents in which the Department of Homeland Security (DHS) and/or U.S. Immigration and Customs Enforcement (ICE) and/or Homeland Security Investigations (HSI) discussed determining the removability of Petitioner or requested or recommended that the Department of State revoke the visa of or invoke the Foreign Policy Ground as to Petitioner, including any documents or communications concerning a memorandum sent from senior DHS official Andre Watson to senior Department of State official John Armstrong stating that "OZTURK engaged in anti-Israel activism in the wake of the Hamas terrorist attacks on Israelis on October 7, 2023," as reported by the Washington Post on April 13, 2025,[1] and including that memorandum;

    b. Any document or documents in which the Department of State approved, explained, analyzed, or justified the revocation of Petitioner's visa or termination of Petitioner's SEVIS record, including any documents or communications concerning a March 2025 memorandum from an office within the Department of State which "determined that the Trump administration had not produced any evidence showing that [Petitioner] engaged in antisemitic activities or made public statements supporting a

---

[1] *See* John Hudson, *No evidence linking Tufts student to antisemitism or terrorism, State Dept. office found*, Wash. Post (Apr. 13, 2025), https://www.washingtonpost.com/national-security/2025/04/13/tufts-student-rumeysa-ozturk-rubio-trump/.

5

terrorist organization, as the government has alleged,"[2] and including that memorandum; and

  c. Any document or documents in which the Department of State informed DHS and/or ICE that it had approved the revocation of Petitioner's visa or determined the removability of Petitioner, including any documents or communications concerning a memorandum dated March 21, 2025, wherein the Department of State informed the U.S. Department of Homeland Security that the revocation of Ms. Öztürk's visa had been "approved" under the discretionary authority, and that "due to ongoing ICE operations security, this revocation will be silent; the Department of State will not notify the subject of the revocation," and including that memorandum.

2. Documents and communications showing the planning, execution, and implementation of your decision to take any adverse action against Petitioner, including:

  a. Documents and communications relating to the planning and execution of the arrest, transfer, and detention of Petitioner; and

  b. Documents and communications relating to the order issued by the U.S. District Court for the District of Massachusetts on March 25, 2025, providing that Petitioner not be moved outside the District of Massachusetts.

---

[2] *Supra* n.1.

3. Documents received from or sent to and communications received from or sent to Betar US, Canary Mission, and the Heritage Foundation concerning Petitioner.

4. Documents, communications, memoranda, policies, procedures, directives or guidance concerning the implementation or enforcement of Executive Orders 14,161 and 14,188 related to the revocation of visas or green cards, or the surveillance, arrest, detention, or deportation of noncitizens, including:

   a. Any reports referencing Petitioner or her A-Number or issued by the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security pursuant to Section 3(a) of Executive Order 14,188;

   b. Communications from the Department of State to Tufts University directing Tufts University to report international students for participating in "proscribed antisemitic actions," "terrorist activity," or "endorsing or espousing terrorism"[3]; and

   c. Communications with Tufts University concerning Petitioner.

5. Documents, communications, memoranda, policies, procedures, directives or guidance concerning the implementation or enforcement of Executive Orders 14,161 and 14,188 related to the revocation of visas or green cards, or the surveillance, arrest, detention, or deportation of noncitizens that were or will be produced in discovery in *AAUP v. Rubio,* Case No. 1:25-cv-10685 (D. Mass.).

---

[3] Prem Thakker, *SCOOP: Trump Admin Forcing Schools to Report International Students for Protest Activity or 'Antisemitic Actions,'* Zeteo (May 16, 2025), https://zeteo.com/p/scoop-trump-admin-forcing-schools.

6. Documents, communications, memoranda, policies, procedures, directives or guidance concerning Petitioner that were or will be produced in discovery in *AAUP v. Rubio,* Case No. 1:25-cv-10685 (D. Mass.).

DATED:   June 16, 2025
         Burlington, VT

/s/ Monica Allard
Lia Ernst
Hillary Rich
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601
(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*

8

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*
CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu

Matthew D. Brinckerhoff*
Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

*Admitted pro hac vice*

*Attorneys for Petitioner*

To:   Michael P. Drescher (via ECF and email)
      *Attorney for Respondents*