IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

No. 2:25-cv-00374

*v.*

**DONALD J. TRUMP**, et al.,
*Respondents*

**PETITIONER'S INTERROGATORIES**
**DIRECTED TO RESPONDENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Rule 33 of the Local Civil Rules for the District of Vermont, and Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner Rümeysa Öztürk ("Petitioner"), by and through her undersigned counsel hereby requests that Respondents Donald J. Trump, Patricia Hyde, Michael Krol, Todd Lyons, Kristi Noem, and Marco Rubio ("Respondents") answer the following interrogatories (the "Interrogatories" and each individually an "Interrogatory") under oath and serve the answers within twenty-one (21) days of service of this request.

**INSTRUCTIONS**

1. The instructions provided in Local Rule 33 are incorporated by reference.

2. Whenever an Interrogatory asks for the identity of an individual, please set forth the following information:

   a. The individual's name;

   b. The individual's title or occupation;

   c. The individual's present or last known residential address; and

   d. The individual's present or last known business address.

3. In answering these Interrogatories, Respondents are required to furnish all information known or available to them, regardless of whether this information is possessed by Respondents or by their agents, employees, representatives, investigators, or by their attorneys or other persons who have acted on their behalf, or by any corporation, partnership, or other legal entity.

4. If any of these Interrogatories cannot be answered in full, after exercising due diligence to secure the information to do so, answer to the extent possible, specifying the reasons for Respondents' inability to answer the remainder and stating whatever information, knowledge, or belief Respondents have concerning the unanswered portion. In addition, specify the person or persons Respondents have reason to believe may have the information and/or knowledge to answer such interrogatory or any part thereof.

5. The Interrogatories are continuing in nature. If, after answering these Interrogatories, Respondents obtain or become aware of further information responsive to these Interrogatories, Respondents are required to provide a supplemental interrogatory answer.

6. State whether the information furnished is within the personal knowledge of Respondents and, if not, the name of each person to whom the information is a matter of personal knowledge.

7. If Respondents believe that an Interrogatory seeks privileged information, state the grounds for the privilege assertion in sufficient detail to enable Petitioner to challenge your claim.

8. If Respondents object to any portion of any Interrogatory herein, identify the portion of the Interrogatory to which Respondents object and respond to the remainder of the Interrogatory.

**DEFINITIONS**

9. The definitions provided in Rule 34(a) of the Federal Rules of Civil Procedure are incorporated by reference.

10. "Foreign Policy Ground" means 8 U.S.C. § 1227(a)(4)(C)(i).

11. "Adverse action" means investigating, monitoring, surveilling, searching property, invoking the Foreign Policy Ground, terminating a SEVIS record or lawful status, refusing to reinstate a SEVIS record, revoking a visa, determining removability, placing in immigration removal proceedings, opposing release on bond or otherwise, seizing, arresting, detaining, removing, or transferring across state lines, or deciding to continue detention.

12. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

13. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

14. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether received or sent.

15. "Concerning" means referring to, describing, evidencing, or constituting.

16. The terms "document" and "documents" mean any and all items referred to as "documents" in Federal Rule of Civil Procedure 34 and as "writings" and "recordings" in Federal Rule of Evidence 1001. By way of example and without

limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence (including by letter, by e-mail, or by SMS text message, iMessage, Signal, or other messaging platform), internal communications, e-mail, ledger books, log books, statements, memoranda, policies, procedures, directives, instructions, guidance, summaries of records of conversations, reports, video tapes, audio tapes, minutes or records of meetings, summaries of interviews or investigations, maps, and photographs. The term "document" shall include data stored and organized electronically.

17. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

18. "Including" shall be construed to include the phrase "without limitation."

19. The terms "you" and "your" refer to each of the Respondents individually responding to these requests.

**INTERROGATORIES**

1. Including everyone from the most senior agency officials (e.g., Respondent Secretary Rubio and Respondent Secretary Noem) to the most junior agency officials, officers, employees, agents, contractors, consultants, or subordinates, identify the persons who are or were involved in identifying for adverse action, proposing adverse action, or taking adverse action against Petitioner, including:

a. The persons who were involved in determining that Petitioner should be targeted for adverse action, including arrest and detention, and SEVIS termination;

b. The persons who were involved in arresting Petitioner and transferring Petitioner out of the District of Massachusetts on March 25, 2025, and transferring her to the South Louisiana ICE Processing Center; and

2. Identify the persons who had personal knowledge of the order issued by the U.S. District Court for the District of Massachusetts on March 25, 2025, that Petitioner not be moved outside the District of Massachusetts, and when each such person acquired personal knowledge of that order, and any communications made or actions taken by each person in response to being notified of the order.

3. Identify the persons who are or were involved in the inspection, review, monitoring, surveillance, or analysis of Petitioner's writings, including the op-ed she co-authored in her school newspaper, *The Tufts Daily*, in March 2024, about Tufts University's dismissal of several resolutions that had been adopted by the undergraduate student Senate.

4. Identify the manner in which you or any of your officers, employees, agents, contractors, consultants, or subordinates became aware of the op-ed Petitioner co-authored in her school newspaper, *The Tufts Daily*, in March 2024, about Tufts University's dismissal of several resolutions that had been adopted by the undergraduate student Senate.

5. State the basis of or for your claim, assertion, allegation, or contention that your taking adverse action against Petitioner was lawful.

6. State the basis of or for any claim, assertion, allegation, or contention that Petitioner engaged in:

a. Pro-Palestinian speech or activities;

b. Anti-Semitic speech or activities;

c. Anti-Zionist speech or activities;

d. Pro-terrorist speech or activities;

e. Pro-Hamas speech or activities;

f. Pro-Jihadist speech or activities, or;

g. Anti-Israel speech or activities.

7. Identify all documents you or any of your officers, employees, agents, contractors, consultants, or subordinates created, consulted, referenced, or relied on in determining whether to take adverse action against Petitioner, and as a consequence of the decision to take adverse action against Petitioner.

8. State the basis of your decision to:

a. Revoke the visa of Petitioner under 8 U.S.C. § 1201(i);

b. Make "silent" the revocation of Petitioner's visa, i.e., not to notify Petitioner of the revocation;

c. Terminate Petitioner's SEVIS record;

d. Arrest Petitioner;

e. Transfer Petitioner to Louisiana;

f. Oppose Petitioner's release on bond; and

g. Invoke or cite the Foreign Policy Ground as a basis for adverse action against Petitioner.

9. Describe in detail the reasons why the agents who arrested Petitioner were wearing civilian clothes, hoods, and masks, without their official badges visible.

10. Describe in detail your transfer of Petitioner from the location of her arrest to a detention facility in Louisiana, including:

a. Your decision to transport Petitioner to Methuen, Massachusetts, and reasons for moving Petitioner to that location;

b. Your decision to transfer and reasons for transferring Petitioner to New Hampshire less than an hour after Petitioner's arrest;

c. Your decision to transfer and reasons for transferring Petitioner to Vermont from New Hampshire and keep Petitioner in Vermont overnight;

d. Your decision to transfer and reasons for transferring Petitioner to Louisiana from Vermont instead of from Massachusetts;

e. The rationale for your decision to continue to transfer Petitioner after the U.S. District Court for the District of Massachusetts issued an order on March 25, 2025, that Petitioner not be moved outside the District of Massachusetts;

f. Your determination that there were no beds available in New England and/or Massachusetts such that transfer of Petitioner to Louisiana was necessary, including the identities of any persons who had personal knowledge of that determination, when that determination was made, and how that determination was reached; and

g. Your decision not to notify and reasons for not notifying Petitioner's counsel of her location until after she reached Louisiana.

DATED: June 16, 2025
Burlington, VT

/s/ Monica Allard
Lia Ernst
Hillary Rich
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601

(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*
CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.

CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu

Matthew D. Brinckerhoff*
Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

**Admitted pro hac vice*

*Attorneys for Petitioner*

To: Michael P. Drescher (via ECF and email)
*Attorney for Respondents*