IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

No. 2:25-cv-00374

*v.*

**DONALD J. TRUMP**, et al.,
*Respondents*

## PETITIONER'S REQUESTS FOR ADMISSION
## DIRECTED TO RESPONDENTS

PLEASE TAKE NOTICE that, pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, Petitioner Rümeysa Öztürk ("Petitioner"), by and through her undersigned counsel hereby requests that Respondents Donald J. Trump, Patricia Hyde, Michael Krol, Todd Lyons, Kristi Noem, and Marco Rubio ("Respondents") answer under oath, within twenty-one (21) days, the following requests for admission. If timely responses are not received, the requests for admission will be deemed admitted consistent with Fed. R. Civ. P. 36.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 36, when good faith requires that Respondents qualify an answer or deny only part of an answer, Respondents' answer must specify the part admitted and qualify or deny the rest.

## DEFINITIONS AND INSTRUCTIONS

1.    The definitions and instructions provided in Federal Rule of Civil Procedure 34(a) and Local Rule 34, and the definitions in Petitioner's Interrogatories and Requests for the Production of Documents are incorporated by reference.

2.      Unless otherwise specified, the Requests for Admission cover the time period between January 20, 2025, to the present.

## <u>REQUESTS FOR ADMISSION</u>

1.      Admit that, before January 20, 2025, the Department of Homeland Security typically did not arrest student visa holders whose visas have been revoked.

2.      Admit that, before January 20, 2025, the Department of Homeland Security typically did not detain student visa holders whose visas have been revoked.

3.      Admit that, before January 20, 2025, the Department of Homeland Security typically did not initiate removal proceedings against visa holders whose visas have been revoked.

4.      Admit that, before January 20, 2025, the Department of Homeland Security typically did not initiate removal proceedings against student visa holders whose visas have been revoked.

5.      Admit that, before January 20, 2025, the Department of Homeland Security typically did not terminate the SEVIS records of student visa holders whose visas have been revoked.

6.      Admit that Respondents communicated with Canary Mission about Petitioner prior to her arrest on March 25, 2025.

7.      Admit that Respondents invoked the Foreign Policy Ground as a basis for terminating Petitioner's SEVIS designation on March 25, 2025, solely because of the op-ed that Petitioner co-authored in her school newspaper, *The Tufts Daily*, in 2024.

8.      Admit that Respondent Rubio never made a determination that Petitioner's "presence or activities would potentially have serious adverse foreign policy

consequences for the United States" and "would compromise a compelling United States foreign policy interest" under the Foreign Policy Ground.

9.      Admit that, by 11:00 p.m. Eastern Time on March 25, 2025, Respondents knew about the order issued by the District Court for the District of Massachusetts on March 25, 2025, prohibiting Petitioner's transfer from the District of Massachusetts without 48 hours' notice.

10.     Admit that there were beds available in ICE facilities for Petitioner's detention closer to the District of Massachusetts than Louisiana as of or on March 25, 2025.

11.     Admit that there were beds available in ICE facilities for Petitioner's detention in New England as of or on March 25, 2025.

12.     Admit that, at the time of Petitioner's detention in Vermont overnight on March 25, 2025, to March 26, 2025, Respondent Hyde was Petitioner's custodian in her capacity as the New England Field Office Director for U.S. Immigrations & Customs Enforcement.

13.     Admit that Respondents transferred Petitioner from Vermont to Louisiana on March 26, 2025, with knowledge of the order issued by the District Court for the District of Massachusetts on March 25, 2025, prohibiting Petitioner's transfer from the District of Massachusetts without 48 hours' notice.

14.     Admit that, when a DHS spokesperson stated of Petitioner's arrest and detention that "DHS and ICE investigations found Öztürk engaged in activities in support of Hamas, a foreign terrorist organization that relishes the killing of

Americans," the "activities" to which the spokesperson referred were Petitioner's co-authorship of an op-ed in her school newspaper, *The Tufts Daily*, in 2024.[1]

15.    Admit that the sole action that Petitioner took that resulted in her being targeted for arrest was co-authoring an op-ed in her school newspaper, *The Tufts Daily*, in 2024.

16.    Admit that the sole action that Petitioner took that resulted in her being targeted for detention was co-authoring an op-ed in her school newspaper, *The Tufts Daily*, in 2024.

17.    Admit that the sole action that Petitioner took that resulted in her being targeted for revocation of her visa was co-authoring an op-ed in her school newspaper, *The Tufts Daily*, in 2024.

18.    Admit that the sole action that Petitioner took that resulted in her visa being revoked "silently," according to the March 21, 2025 memorandum sent from the Department of State to Immigrations & Customs Enforcement, was co-authoring an op-ed in her school newspaper, *The Tufts Daily*, in 2024.

19.    Admit that the sole action that Petitioner took that resulted in her being targeted for termination of her SEVIS record was co-authoring an op-ed in her school newspaper, *The Tufts Daily*, in 2024.

DATED:    June 16, 2025
          Burlington, VT

                              /s/ Monica Allard
                              Lia Ernst
                              Hillary Rich
                              ACLU Foundation of Vermont

---

[1] Mike Toole & Beth Germano, *Tufts University student taken into immigration custody by federal agents in Massachusetts*, CBS (Mar. 27, 2025), https://www.cbsnews.com/boston/news/tufts-university-graduate-student-somerville-ice/.

PO Box 277
Montpelier, VT 05601
(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*

5

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu

Matthew D. Brinckerhoff*
Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

*Admitted pro hac vice

Attorneys for Petitioner

To:    Michael P. Drescher (via ECF and email)
       *Attorney for Respondents*