IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

*v.*

No. 2:25-cv-00374

**DONALD J. TRUMP**, et al.,
*Respondents*

## Reply in Support of Preliminary Injunctive Relief and Opposition to Dismissal of SEVIS-Related Claims

### INTRODUCTION

Court after court has found that the government acted unlawfully in terminating foreign students' Student and Exchange Visitor Information System (SEVIS) records for reasons not enumerated in regulation. *See,* e.g., *Doe v. Noem,* No. 2:25-CV-00633-DGE, 2025 WL 1397007, at *1 (W.D. Wash. May 14, 2025) (noting plaintiff demonstrated "not only a 'likelihood' of success on the merits, but . . . an *overwhelming* showing on the merits" of his claim that his SEVIS record was unlawfully terminated); *see also* ECF No. 145 & cases cited. The government does not quarrel with this broad judicial consensus or contend that the termination of Ms. Öztürk's SEVIS record complied with applicable regulations. It raises no argument that the termination of Ms. Öztürk's SEVIS record comported with the First Amendment or that it was not 'contrary to law,' and—with regard to Ms. Öztürk's arbitrary-and-capriciousness challenge—raises only a tepid argument that the termination was "rational." ECF 148 at 17-18.[1]

---

[1] Ms. Öztürk cites here to the government's opposition to her motion for a preliminary injunction at ECF 148. The same document is also docketed as a motion to dismiss at ECF 149.

1

While capitulating on the merits, the government seeks to have Ms. Öztürk's SEVIS-related challenges dismissed and argues that preliminary injunctive relief should be denied based on arguments about venue and reviewability. But Ms. Öztürk's challenge to the improper termination of her SEVIS record is properly subject to this Court's exercise of its pendent venue; the challenge is reviewable; and it is meritorious. This Court should decline to dismiss Ms. Öztürk's SEVIS challenge, and should grant the motion for preliminary injunctive relief.

## ARGUMENT

**I.    The requested relief is within the scope of the Amended Petition and Complaint, and this Court should exercise pendent venue over it.**

This is the right Court to address Ms. Öztürk's challenge to the improper termination of her SEVIS record. Since the filing of Ms. Öztürk's Amended Petition and Complaint on March 28, 2025, this case has included a challenge to the termination of her SEVIS record and sought relief that would "restore [her] SEVIS record." ECF 12 at 22.[2] That challenge is properly joined to Ms. Öztürk's habeas claims and is before this Court through exercise of its pendent venue.

As an initial matter, any challenge to joinder or venue with regard to Ms. Öztürk's SEVIS-related challenge is waived. The government was first ordered to respond to the Amended Petition and Complaint as a whole on March 28, 2025, and did so on April 1, 2025. ECF 16, 19. At no point in that brief or subsequent arguments and briefs in the ensuing two months has the government contended that Ms. Öztürk's challenge to the

---

[2] In her first brief in the case on April 2, 2025, Ms. Öztürk described her APA challenge to the termination of her SEVIS record, explaining that she was raising "claims concerning the unlawful termination of her SEVIS status" and that ICE had failed to follow regulations that "lay out the sole means" for termination of a SEVIS record. ECF 26 at 30; *see also* ECF 81 at 21, 27-29.

termination of her SEVIS record was improperly joined to her habeas claim, or that it should be litigated in a different venue than her habeas claim—including when the government contended that this case could not proceed in Massachusetts and should be dismissed or transferred to Louisiana. ECF 19 at 6, 15, 28-29. Any such challenge to joinder or pendent venue is waived. *See* F.R.C.P. 12(h)(1); 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

In any event, Ms. Öztürk's claims are properly joined under the liberal joinder rules of Federal Rule of Civil Procedure 18(a) and may proceed before this Court under the doctrine of pendent venue. With regard to joinder, Rule 18(a) authorizes a party to "join . . . as many claims as it has against an opposing party." The government contends—correctly but irrelevantly—that Ms. Öztürk's SEVIS claim "does not sound in habeas." ECF 148 at 7. But it fails to acknowledge that this case is a habeas petition *and complaint*, or to provide any reason why Ms. Öztürk cannot join her challenge to the termination of her SEVIS record with her detention challenge, when both arise from the government's decision to unlawfully retaliate against her for protected speech.

With regard to venue, "[v]enue in the federal courts is not a jurisdictional concept" but "a concept of convenience." *See Rutland Ry. Corp. v. Brotherhood of Locomotive Eng'rs*, 307 F.2d 21, 29 (2d Cir.1962). Alongside liberal joinder rules, the doctrine of pendent venue permits a court "*in its discretion* [to] hear pendent claims which arise out of the same nucleus of operative facts as a properly venued federal claim . . . ." *Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 423 (S.D.N.Y. 2018) (quotations omitted). In determining whether to exercise pendent venue, courts "consider factors such as judicial economy, convenience to the parties and the court system, avoidance of

3

piecemeal litigation and fairness to the litigants." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (quotations omitted).

These considerations all favor keeping Ms. Öztürk's SEVIS-related challenge with her habeas claims in the District of Vermont. The claims are "closely related." *See United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015). They involve adverse actions taken against Ms. Öztürk on the same day—her March 25 arrest and the termination of her SEVIS record hours later—and litigation of both challenges is likely to involve overlapping discovery and evidence. This Court has already devoted substantial resources to this case, analyzed the available evidence and First Amendment law as they relate to the government's "adverse actions towards Ms. Ozturk," and addressed the jurisdictional provisions raised here. *Ozturk v. Trump*, --- F. Supp. 3d ----, No. 2:25-CV-374, 2025 WL 1145250, at *4-5, 13-20 (D. Vt. Apr. 18, 2025); *Ozturk v. Trump*, --- F. Supp. 3d ----, No. 2:25-CV-374, 2025 WL 1420540, at *6 (D. Vt. May 16, 2025); *see also* ECF 148 at 11-14.

Litigating the habeas and non-habeas claims together in the District of Vermont will conserve the resources of the judiciary and the parties by avoiding duplicative discovery and briefing on similar questions, and it will benefit rather than prejudice the government. And because the government does not even say which venue it believes is appropriate and—unlike in other SEVIS litigation[3]—appears intent to raise a venue challenge even if Ms. Öztürk refiled her SEVIS claim in her home state of Massachusetts, ECF 148 at 10, declining to exercise pendent venue also risks unfair

---

[3] *See, e.g.*, *Doe 1 v. Bondi*, --- F. Supp. 3d ----, No. 1:25-CV-01998-VMC, 2025 WL 1482733, at *4 (N.D. Ga. May 2, 2025) (noting government's concession that "logically" plaintiffs located in Georgia should have their SEVIS termination claims resolved in Georgia).

prejudice to Ms. Öztürk. Exercise of this Court's pendent venue over Ms. Öztürk's SEVIS challenge is therefore warranted. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1192-93 (N.D. Cal. 2017) (holding "[j]udicial economy, convenience, and avoidance of piecemeal litigation all counsel" exercise of pendent venue), aff'd sub nom. *Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

## II. The Court may reach the merits of Ms. Öztürk's claim that her SEVIS record was unlawfully terminated.

The government next contends that this Court may not reach the merits of Ms. Öztürk's SEVIS claim due to bars in the Immigration and Nationality Act (INA) and the Privacy Act. In addressing Ms. Öztürk's detention challenge, this Court and the Second Circuit have already foreclosed the INA arguments advanced here, and numerous Courts in other SEVIS cases have rejected the same Privacy Act argument the government raises.

First, the government argues that 8 U.S.C. §§ 1252(a)(5) and (b)(9) require channeling review of Ms. Öztürk's SEVIS claim into the petition for review of a removal order because "the SEVIS termination . . . flowed directly from the visa revocation and resulting initiation of removal proceedings." ECF 148 at 11-13. These arguments are foreclosed by the prior rulings in this case. Sections 1252(a)(5) and (b)(9) are inapplicable because "no 'removal order' has been issued here" and termination of the SEVIS record was a separate Immigration and Customs Enforcement (ICE) decision that occurred after the revocation of Ms. Öztürk's visa. *Ozturk*, 2025 WL 1145250, at *13; *see also Ozturk v. Hyde*, 136 F.4th 382, 399, 401 (2d Cir. 2025) (holding § 1252(b) and (a)(5) do not apply because "[n]o . . . order of removal is at issue").

5

As with Ms. Öztürk's detention challenge, the challenge to the termination of her SEVIS record raises "*legal questions*" that are distinct from and do not "arise from" removal proceedings. *Ozturk*, 136 F.4th at 399 (quotations omitted). The government concedes that Ms. Öztürk does not challenge her visa revocation in this proceeding and it does not contend that visa revocation requires termination of a SEVIS record. ECF 148 at 12-13. Ms. Öztürk's SEVIS claim raises distinct legal issues from the removal process: she contends that *even if* the government had permissibly revoked her visa and placed her in removal proceedings, ICE lacked authority to terminate her SEVIS record without a regulatory basis for doing so (and, in any event, cannot do so as retaliation for speech). *See Ozturk*, 136 F.4th at 400 ("overlap" with "challenge to removal . . . even substantial substantive overlap, does not make one claim arise out of the other"). This claim cannot be litigated in a petition for review. And the government does not claim otherwise, much less contend that the petition for review process could provide the "*rapid, prioritized review*" warranted in the First Amendment context. *Id.* at 401 (quotations omitted). Sections 1252(a)(5) and (b)(9) therefore do not bar review.

Second, the government argues that review of the SEVIS record termination is barred by the Privacy Act. The government reasons that the Act contains a process for seeking amendment to agency records which is available only to U.S. citizens and lawful permanent residents, and that it should therefore be construed to preclude someone who is not in those statuses from raising a challenge to termination of a SEVIS record. ECF 148 at 14-17 (citing 5 U.S.C. § 552a(d)).

This argument has been rejected by courts around the country. *Doe #1 v. Noem*, --- F. Supp. 3d ----, No. 25-CV-2998, 2025 WL 1348503, at *11 (D.N.J. May 8, 2025) (collecting cases). As explained by one of these courts, Ms. Öztürk is not seeking to

6

"review [her] SEVIS records or to challenge the accuracy, relevance, timeliness or completeness of those records," under the Privacy Act; rather, she is "expressly challenging defendants' unappealable *decision* to list [her] F-1 visa status as 'terminated' in SEVIS . . . without statutory or regulatory authority." *Doe #1 v. Noem*, No. 25-CV-317-WMC, 2025 WL 1555382, at *9 (W.D. Wis. June 2, 2025). Put differently, this claim does not seek to correct record-keeping error; it challenges ICE's *decision* to terminate Ms. Öztürk's SEVIS record, which causes her to lose opportunity for employment and suffer disruption of her academic life. *Doe #1 v. Trump*, No. 25 C 4188, 2025 WL 1341711, at *8 (N.D. Ill. May 8, 2025); *see Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 63 (2024) (noting Privacy Act allows individuals to "correct" "inaccurate information"). Because the Privacy Act has no application to Ms. Öztürk's claim—and does not apply to Ms. Öztürk's records at all, *see* 5 U.S.C. § 552a(a) (defining records subject to the Act as those involving U.S. citizens and permanent residents)—the Act does not preclude review of her claim. *See, e.g., Liu v. Noem*, --- F. Supp. 3d ----, No. 25-CV-133-SE, 2025 WL 1233892, at *8 (D.N.H. Apr. 29, 2025); *see also Kirtz*, 601 U.S. at 63-64.

**III.  The government does not contend it acted within any permissible basis for terminating a SEVIS record, and its other arguments against preliminary injunctive relief are without merit.**

Beyond arguments about reviewability, ICE barely defends the termination of Ms. Öztürk's SEVIS record or makes any other argument against preliminary injunctive relief. The government does not dispute that authority to terminate SEVIS records is limited to the specific circumstances described in applicable regulations. *See* ECF 145 at 5-9; *see also, e.g., Student Doe No. 1 v. Noem*, No. CV 25-1962, 2025 WL 1582460, at *1-

2 (E.D. Pa. June 4, 2025). Nor does it contend that any of the permissible regulatory bases for termination of a SEVIS record were present. And the government does not address the merits of Ms. Öztürk's First Amendment challenge to her SEVIS termination at all.

Instead, it raises four arguments, all without merit.

First, the government contends that ICE had a "rational reason" for its termination of Ms. Öztürk's SEVIS record: Because Ms. Öztürk's visa had been revoked by the Department of State, the government contends it was "reasonable for ICE to share [this fact] with Ozturk's school in connection with a termination of Ozturk's SEVIS record because it shows that Ozturk is subject to removal proceedings." ECF 148 at 17. To state this argument is to refute it. If ICE needed to "share" the "fact" of Ms. Öztürk's visa revocation with Tufts University, it could have told the university about the revocation, even though it would have been of no consequence to Ms. Öztürk's student status or SEVIS record. *See* ECF 145 at 9-10; ECF 145-2 at ¶¶ 11-17. Nothing about the government's decision to "silent[ly]" revoke Ms. Öztürk's visa (ECF 91-1), surprise her on a sidewalk, hold her incommunicado, and move her across multiple state lines suggests a desire to share information with Tufts or a "rational" means of pursuing that desire.

Second, the government asserts that Ms. Öztürk's "authorization to work has been automatically terminated by virtue of the initiation of removal proceedings." This is incorrect. Regulations automatically terminate employment authorization "granted under § 274a.12(c)" when "[e]xclusion or deportation proceedings are instituted." 8 C.F.R. § 274a.14(a)(ii). Mistakenly suggesting that Ms. Öztürk is pursuing extended Optical Practical Training in science, technology, engineering or mathematics ("STEM

8

OPT") *after* a degree, the government suggests that Ms. Öztürk's authorization to work derives from an application under § 274a.12(c)(3)(i)(C). *See* ECF 148 at 17-18. But Ms. Öztürk is not in post-degree OPT; she is a graduate student whose authorization to work is provided by 8 C.F.R. § 274a.12(b)(6), not § 274a.12(c). *See* ECF 145-1 at ¶¶ 3, 13.[4] That authorization did not terminate upon the institution of removal proceedings.

Third, the government asserts that Ms. Öztürk has not established irreparable harm because even if she cannot be remunerated for teaching, she may have "other forms of support, be it from family, the school, or other sources." ECF 148 at 18. The government ignores the testimony that teaching is part of how Ms. Öztürk supports herself financially, and—finances aside—is an important part of her academic life and participation in the university. May 9, 2025 Tr. at 21:10-22:5, 39:7-15, 69:1-10, 72:18-74:2, 91:16-18. Plaintiff has also shown that SEVIS terminations are "always a significant disruption to a student's academic program and progress" and impact future immigration prospects, *see* ECF 145-2 at ¶¶ 18-20, and she has satisfied the burden to show irreparable harm.

Fourth, the government makes a cursory request that Ms. Öztürk be required to pay a security bond in connection with the issuance of a preliminary injunction. ECF 148 at 18. The Court should reject this request. A bond under Federal Rule of Civil Procedure 65(c) is "proper" only to "pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, the government has identified no costs that it would incur from having to comply with the requested preliminary

---

[4] *See also* ECF 145-3 (referring to Ms. Öztürk's "CPT employment," a reference to "[c]urricular practical training" under 8 C.F.R. § 174a.12(b)(6)(iii)); ECF 145-6 (listing Ms. Öztürk as an "F-1 STUDENT" in SEVIS).

9

injunction, and bond is not proper. *See Parra Rodriguez v. Noem*, No. 3:25-CV-616 (SRU), 2025 WL 1284722, at *12 (D. Conn. May 1, 2025) (declining to require bond noting "strong claims" against termination of a SEVIS record and that "the likelihood of harm to Defendants is almost nonexistent").

## CONCLUSION

This Court should deny the government's motion to dismiss Ms. Öztürk's challenge to the termination of her SEVIS record from this case, and grant the requested preliminary injunctive relief.

/s/ Monica Allard
Lia Ernst
Hillary Rich
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601
(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

*Counsel for Petitioner*
Dated: June 16, 2025

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*
CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
CUNY School of Law
2 Court Square
Long Island City, NY  11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Matthew D. Brinckerhoff*

Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF ABADY WARD &
MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

*Admitted pro hac vice