UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

RUMEYSA OZTURK,

                        Petitioner,

     v.                                 No. 2:25-cv-374

DONALD J. TRUMP, in his official capacity as President of the United States, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, and KRISTI NOEM, Secretary of Homeland Security; and MARCO RUBIO, in his official capacity as Secretary of State

                        Respondents.

**RESPONDENTS' REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS SEVIS CLAIM FOR IMPROPER VENUE AND LACK OF JURISDICTION**

      Petitioner's Opposition (ECF No. 152) to Respondents' Motion to Dismiss her SEVIS-Related claims concedes that her requested relief is beyond the scope of a habeas petition. Instead, she emphasizes that her March 28 Amended Petition, filed in the District of Massachusetts, included the word "Complaint" in its title, and that Respondents should have raised the question of venue over one of the nine items listed in her Amended Petition's prayer for relief when they were ordered – by the Court in Massachusetts – to respond to the Amended Petition and Complaint in *that* Court. ECF No. 152, at 2-3

      Significantly, none of the Amended Petition's Four Claims for Relief pertain in any way to the SEVIS-related relief she now seeks. *See* ECF No. 12, ¶ 69 (asserting in her First Claim her "arrest, transfer, and ongoing detention" violated the First Amendment), ¶ 73 & 75 (asserting in

1

Second Claim that her "detention" and her "arrest and detention" violated due process), ¶ 78 (asserting her "arrest, detention and removal" violated the APA), ¶ 85-86 (requesting release on bail). Indeed, the Amended Petition mentions Petitioner's SEVIS-record simply to highlight the possibility that her visa had been revoked pursuant to 8 U.S.C. § 1227(a)(4)(C)(i). ECF No. 12, at ¶ 33. And when the United States District Court for the District of Massachusetts decided to transfer this matter to Vermont, its *only* analysis was specific to the rules relating to habeas cases. *See* ECF No. 42.

As the Court well-knows, this litigation has been devoted exclusively the resolving the question of the legality of Petitioner's detention. It would therefore be procedurally inappropriate to conclude that Respondents have somehow waived any arguments – including arguments relating to venue and jurisdiction – as to Petitioner's detached SEVIS-related "prayer for relief."[1]

The Court should also reject Petitioner's assertion that the Court should exercise "pendent venue" over an isolated and otherwise unpleaded single item listed among many in the Amended Petition's "prayer for relief." First, neither her First Amendment nor APA challenge to her SEVIS claim appears in the Amended Petition. *See, e.g.,* ECF No. 12, ¶¶ 67-70, (First Amendment Claim challenging only her "targeting, arrest, transfer, and ongoing detention"). To be sure, within the Amended Petition's APA Claim, ¶¶ 77-83, the Petition states, "[i]n addition," her "SEVIS termination notice invoked the Foreign Policy Ground" (defined at ¶ 50 to mean the invocation of 8 U.S.C. § 1227(a)(4)(C)(i)). ECF No. 12, at ¶ 79. In context, that statement appears simply as evidence to support the plausibility that Ozturk's "arrest, detention, and removal," ¶ 78, were

---

[1] Petitioner appears to concede that other than the isolated entry in the Amended Petition's Prayer for Relief, the Petition does not claim that the treatment of her SEVIS record was unlawful. *See* ECF No. 151, at 2 n.2 (explaining that she described her APA challenge only in pleadings submitted after the filing of her Amended Petition).

based on the Foreign Policy Ground. Asserting "pendent venue" in these circumstances would invite litigants, once they have a possibly properly venued claim, to keep adding claims that do not belong before the Court.

Second, the question of whether this Petitioner's habeas case is properly before this Court is currently subject to Respondents' interlocutory appeal. The prospect that this Court's assertion of habeas jurisdiction may be overruled, is another reason not to lean into a theory of pendent venue for the SEVIS-related claim.

Third, Congress has spoken clearly in 28 U.S.C. § 1391(e)(1) by specifying where APA actions should be filed. Given that clarity, this Court should decline to exercise pendent venue because "doing so would contravene Congress's clear intent to limit the districts in which certain claims may be heard." *A.I.I.L. v. Sessions,* 2022 WL 992543, at *10 (D. Ariz. March 31, 2022) (citing *Sierra Club. v. Johnson,* 623 F. Supp. 2d 31, 38 (D.D.C. 2009)); *see also Attkisson v. Holder,* 241 F. Supp. 3d 207, 214 (D.D.C. 2017).

Finally, as Petitioner's Motion for a Preliminary Injunction makes clear, there are few, if any, facts in common between Petitioner's challenged detention, and the various entries into the SEVIS system, all of which occurred after she was detained. *See* ECF No. 145, at 6-7. Pendent venue might be a sound exercise of discretion, but only when the pendent claim "arise[s] out of the same common nucleus of operative facts as other claims to which venue is proper." *Eleazu v. Dir. U.S. Army Network Ent. Cen.*, 2020 WL 6875538, at *4 (D.S.C. Nov. 23, 2020). To be sure, both actions (detention and SEVIS termination) followed the revocation of Petitioner's visa and initiation of removal proceedings. *See* ECF No. 145, at 7 (most recent SEVIS entry indicates that termination due to visa revocation). But whether Ozturk is entitled to habeas relief is unrelated to whether her current SEVIS entry should be disturbed by this Court.

For the above, reasons, and the reasons previously stated, the Court should dismiss Petitioner's SEVIS-related claims.

                                                              Respectfully submitted,

Dated: June 30, 2025            By:     */s/ Michael P. Drescher*
                                                           Michael P. Drescher
                                                           Assistant United States Attorney
                                                           District of Vermont