IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

**RÜMEYSA ÖZTÜRK**,
*Petitioner*

v.

**DONALD J. TRUMP**, et al.,
*Respondents*

No. 2:25-cv-00374

**Oral Argument Requested**

# Reply in Further Support of Motion to Conduct Limited Discovery

## INTRODUCTION

Petitioner Rümeysa Öztürk filed a motion for limited discovery, seeking information from the government about its motivation for targeting, arresting, and detaining her—information that is highly relevant to the Court's ultimate determination as to the unconstitutionality of both the government's arrest and detention of Ms. Öztürk and of the government's policy of targeting and punishing noncitizens based on their First Amendment-protected activities (the "Policy").

Ms. Öztürk has shown good cause for discovery because she has made specific allegations that discovery on the Policy and on her own arrest, detention, and transfer through multiple states to Louisiana would aid resolution of her habeas petition and complaint. Contrary to the government's assertions, there are relevant facts in dispute, and Ms. Öztürk's discovery requests are reasonably calculated to shed light on the issues yet to be resolved. Nor is there any need to stay consideration of Ms. Öztürk's motion for discovery until the government's appeal is resolved. Ms. Öztürk's motion should be granted, and discovery should proceed expeditiously.

**ARGUMENT**

Rather than meaningfully engaging with the standard for discovery or refuting Ms. Öztürk's showing that further discovery into the government's motives or conduct is appropriate, the government mischaracterizes Ms. Öztürk's claims and brushes aside relevant precedent. Because the government's objections are baseless, whereas Ms. Öztürk has established that discovery will support her habeas petition and complaint, the Court should grant Ms. Öztürk's motion for limited discovery.

**I.    With significant facts in dispute, the government cannot withhold documentary or testimonial proof that allegedly supports its position.**

Ms. Öztürk has already provided substantial evidence of the government's unconstitutional motive in targeting, arresting, and detaining her and other noncitizens who advocate for Palestinian human rights. *See* ECF 150 at 4. The government, on the other hand, has refused to produce documents in its possession to support its position, even though it insists publicly that additional evidence supporting Ms. Öztürk's detention will be presented "if necessary,"[1] and even though it has produced at least some such evidence in litigation pending in the District of Massachusetts. *See* July 10, 2025 Trial Tr. Vol. 1 at 28:12-29:21, *Am. Assoc. of Univ. Profs. v. Rubio ("AAUP")*, No. 25- cv-10685 (D. Mass. Apr. 14, 2025) (admitting into evidence subject profile created by DHS's Office of Intelligence about Ms. Öztürk).[2] Now, the government claims without support that Ms. Öztürk's visa revocation, after which she was detained, was "substantially caused" by her co-authorship of an op-ed. ECF 155 at 13 (citing ECF 91-1 at 6). Supposedly, with that fact undisputed, the government suggests the record is

---

[1] U.S. Dep't of State, *Secretary of State Marco Rubio Remarks to the Press* (Mar. 28, 2025), https://www.state.gov/secretary-of-state-marco-rubio-remarks-to-the-press-3/.

[2] Available at https://knightcolumbia.org/documents/xe3436ve2h.

2

complete. The only document the government cites to support this conclusion is the March 21, 2025 memorandum from the Department of State to ICE official Andre R. Watson, which stated that Ms. Öztürk's visa was revoked after an assessment that she "had been involved in associations that 'may undermine U.S. foreign policy by creating a hostile environment for Jewish students and indicating support for a designated terrorist organization' including co-authoring an op-ed that found common cause with an organization that was later temporarily banned from campus." ECF 91-1 at 6.

That is not enough. The memorandum does not resolve why Ms. Öztürk was targeted, arrested, detained, and transferred to Louisiana, and it does not address the balance of Ms. Öztürk's claims. Again, Ms. Öztürk has asserted claims of First Amendment retaliation, violation of the Fifth Amendment right to due process, and violation of the Administrative Procedure Act and the *Accardi* doctrine, all based both on the Policy and on the government's implementation of that Policy as to Ms. Öztürk herself through her targeting, arrest, transfer, detention, and termination of her SEVIS status. *See* ECF 12 at 17-21. In other litigation, the government has taken the position that the Policy does not exist at all. *See* Defs.' Opp. to Pl.'s Mot. for Prelim. Injunction at 12, ECF 65, *AAUP*, No. 25- cv-10685 (D. Mass. Apr. 14, 2025) (denying that statements by respondents and other government sources establish the existence of the challenged Policy). It is impossible to reconcile that position with the government's claim that there are no factual disputes here.

As a result, none of the cases the government cites support its assertion. *See Khalil v. Joyce*, 2025 WL 849803, at *11 n.6 (S.D.N.Y. March 19, 2025) (denying discovery on limited jurisdictional question of habeas petitioner's physical location when filing his petition because that fact was not disputed); *Alexi v. Holmes*, 2004 WL

3

2202646, at *3 (W.D.N.Y. Sept. 29, 2004) (denying discovery as futile in course of dismissing a habeas petition challenging a final order of removal where record development had already taken place); *Yosef v. Killian*, 646 F. Supp. 2d 499, 504 n.4 (S.D.N.Y. 2009) (denying discovery in § 2241 proceeding where it would not affect the petitioner's eligibility for habeas relief and where respondents *had already provided all relevant documents*). *Almaklani v. Trump*, an APA case, similarly denied discovery where the plaintiffs had "already received the administrative record that contain[ed] the 'entire account of the decision-making process behind the [challenged policy].'" 444 F. Supp. 3d 425, 430 (E.D.N.Y. 2020). Moreover, the agency had certified said record to the court as complete. *Id.* at 430-41. Neither of these events has occurred here, despite the government's bizarre, clearly disprovable claim that it has "produced a record regarding the basis for its decisions." ECF 155 at 17.

Notably, the government does not engage at all with either of the cases cited in Ms. Öztürk's opening brief where courts granted other comparably situated § 2241 petitioners' reasonably calculated discovery requests. *See Gomes v. U.S. Dep't of Homeland Sec., Acting Sec'y*, 559 F. Supp. 3d 8, 11-12 (D.N.H. 2021) (granting § 2241 petitioner's "reasonably calculated" discovery request); *Phouk v. Warden, Stewart Det. Ctr.*, 378 F. Supp. 3d 1209, 1213 (M.D. Ga. 2019) (same, where petitioner made "specific allegations that are both capable of further factual development and fundamental to the merits of his claim for relief"). Nor does the government address the fact that Ms. Öztürk is, at minimum, entitled to discovery to definitively establish the *absence* of evidence for the legality of the government's actions, and/or to seek adverse inferences based on such a lack. Instead, the government's position amounts to two unsupported sentences claiming that discovery is somehow inappropriate because the standard for

First Amendment retaliation differs in § 1983 cases, an issue on which the Court has invited further briefing on at a later date and which Ms. Öztürk's opening brief addressed. *See* ECF 149 at 3 n.1.

As the Court has already stated, "in the absence of additional information from the government, the Court's habeas review is likely to conclude that Ms. Öztürk has presented a substantial claim" of First Amendment retaliation, ECF 104 at 57-58, that is, that the government retaliated against her for her speech, that the speech at issue was protected, that she was detained for a punitive purpose, and that she was detained to deter other speech. Surely these issues are disputed by the government, and their resolution would be aided significantly by discovery.

## II.     Ms. Öztürk's discovery requests are tailored to her petition and complaint and will shed light on the issues to be resolved.

The government mischaracterizes Ms. Öztürk's discovery requests, which were carefully crafted to aid the Court in assessing her claims. Again, Ms. Öztürk has pleaded First Amendment retaliation, violation of Fifth Amendment due process, and violation of the APA and *Accardi* doctrine based on both the Policy *and* its implementation as to her specifically. *See* ECF 12 at 17-21. Discovery about the government's implementation of the Policy as to others—including through the revocation of visas and green cards—is plainly relevant to Ms. Öztürk's claims. So is the discovery that has been produced in *AAUP*, No. 25-cv-10685 (D. Mass.), in which the plaintiffs seek declaratory and injunctive relief as to the government's "ideological-deportation policy," through which it "intend[s] to carry out large-scale arrests, detentions, and deportations of noncitizen students and faculty who participate in pro-Palestinian protests and other related expression and association." ECF 1 (Compl.) ¶ 30, *AAUP* (D. Mass. Mar. 25, 2025). As

5

the government notes, trial in *AAUP* began on July 7, 2025. On July 10, 2025, the *AAUP* court admitted into evidence as Exhibit 232 the subject profile and report of analysis that ICE generated about Ms. Öztürk and sent to the Department of State. *See* July 10, 2025 Trial Tr. Vol. 1 at 28:12-29:21, *AAUP* (D. Mass. July 10, 2025). And, in a privilege log submitted during trial that itemized documents previously produced to the *AAUP* court in camera but withheld from the *AAUP* plaintiffs, the government listed a March 21, 2025 Action Memo sent within the Department of State from Deputy Assistant Secretary for Visa Services Stuart Wilson to Senior Bureau Official John Armstrong regarding Ms. Öztürk's F1 visa revocation. *See* ECF 190-5, *AAUP* (D. Mass. July 8, 2025).

Discovery about the identities of government employees and officers who were involved in the unconstitutional conduct that Ms. Öztürk challenges, and the documents related to that conduct, is clearly relevant as well.[3] Plainly, the government possesses additional documents about its rationale for targeting Ms. Öztürk, revoking her visa, and subsequently detaining and transferring her, and has produced those documents to the *AAUP* plaintiffs. To secure the "just" determination of this proceeding, Fed. R. Civ. P. 1, Ms. Öztürk should be permitted to conduct limited discovery relevant to her claims.

### III. There is no need to stay consideration of Ms. Öztürk's discovery until the government's appeal and motion to dismiss are resolved.

The Court has already evaluated the government's jurisdictional arguments and made a preliminary determination that it had jurisdiction. *See* ECF 104. On the

---

[3] The government cannot avoid scrutiny of its unlawful conduct by labeling it foreign policy. The government argues that *Reno v. American-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 487-92 (1999), bars discovery. But the cited portion of *AADC* addressed whether the plaintiffs' claim there was barred by the Immigration and Nationality Act, 8 U.S.C. § 1252(g)—and this Court has already preliminarily held that § 1252(g) does not bar Ms. Öztürk's claims. *See* ECF 104 at 41, 43.

government's application for a stay pending appeal, the Second Circuit confirmed that the government was unlikely to prevail on its argument that the Court lacked jurisdiction, *see Ozturk v. Hyde*, 136 F.4th 382, 394-401 (2d Cir. 2025), and the Court subsequently declined to reconsider its determination, *see* ECF 140. Now, having sought rehearing and rehearing en banc, with briefing on the underlying appeal not set to conclude for several months, the government asks the Court to delay discovery indefinitely. This is a dilatory tactic that the Court should not entertain.

Nor is the government's pending motion to dismiss sufficient rationale for a stay. "A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see* Local R. 26(a)(3) ("Discovery . . . shall not be stayed during the pendency of a Fed. R. Civ. P. 12(b) or (c) motion."). Unlike the government's motion to dismiss, Ms. Öztürk's motion for discovery is not dispositive, and the interests of justice and due process are furthered by permitting her to establish facts going to the heart of her claims.

## CONCLUSION

For the foregoing reasons, this Court should grant Ms. Öztürk's request for discovery and order Respondents to (1) respond within 21 days of this motion's resolution to Ms. Öztürk's requests for production, interrogatories, and requests for admission, and (2) make available for deposition no more than 7 witnesses after document discovery is completed.

/s/ Monica Allard
Lia Ernst
Hillary Rich
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601
(802) 223-6304
mallard@acluvt.org
lernst@acluvt.org
hrich@acluvt.org

Jessie J. Rossman*
Adriana Lafaille*
Rachel E. Davidson*
Julian Bava*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai*
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

Brian Hauss*
Esha Bhandari*
Brett Max Kaufman*
Michael K. T. Tan*
Noor Zafar*
Sidra Mahfooz*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bhauss@aclu.org
ebhandari@aclu.org
bkaufman@aclu.org
m.tan@aclu.org
nzafar@aclu.org

*Counsel for Petitioner*
Dated: July 14, 2025

smahfooz@aclu.org

Ramzi Kassem*
Naz Ahmad*
Mudassar Toppa*
CLEAR Project
Main Street Legal Services, Inc.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu

Matthew D. Brinckerhoff*
Katherine Rosenfeld*
Vasudha Talla*
Sonya Levitova*
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

*Admitted pro hac vice