```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

```
RUMEYSA OZTURK,              )
                            )
          Petitioner,       )
                            )
     v.                     )   Case No. 2:25-cv-374
                            )
DONALD J. TRUMP, in his     )
official capacity as        )
President of the United     )
States; PATRICIA HYDE, in her )
official capacity as the New )
England Field Director for  )
U.S. Immigration and Customs )
Enforcement; MICHAEL KROL, in )
his official capacity as HSI )
New England Special Agent in )
Charge, U.S. Immigration and )
Customs Enforcement; TODD   )
LYONS, in his official      )
capacity as Acting Director, )
U.S. Immigration and Customs )
Enforcement; KRISTI NOEM, in )
her official capacity as    )
Secretary of the United     )
States Department of        )
Homeland Security; and MARCO )
RUBIO, in his official      )
capacity as Secretary of    )
State,                      )
                            )
          Respondents.      )
```

## OPINION AND ORDER

On May 15, 2025, the Court held a status conference at the
parties' request. Petitioner Rumeysa Ozturk's counsel indicated
that Ms. Ozturk was still seeking relief related to her Student
Exchange and Visitor Information System (SEVIS) record, which

had been pled in her Amended Petition and Complaint. The Court invited additional briefing on a motion for preliminary injunction. The parties submitted their briefing, and the matter is now before the Court.

For the reasons set forth below, the Motion for Preliminary Injunctive Relief Restoring Ms. Ozturk's Student Exchange and Visitor Information System (SEVIS) Record, ECF No. 145, is denied without prejudice. Respondents' Motion to Dismiss SEVIS Claim for Improper Venue and Lack of Jurisdiction, ECF No. 149, is also denied without prejudice. Ms. Ozturk's claims relating to her SEVIS record are hereby severed from her habeas petition and transferred to the United States District Court for the District of Massachusetts in the interest of justice pursuant to 28 U.S.C. § 1406(a).

## **Background**

SEVIS is an online system operated by DHS and used by DHS and universities to maintain information about international students holding F-1 visas like Ms. Ozturk. Immigrations and Customs Enforcement (ICE), a component of DHS, may terminate the records of students under certain circumstances, and so may certain employees of schools with international students. ECF No. 145 at 4. According to the government, "federal laws and regulations require the Designated School Official (DSO) to update and maintain the SEVIS records of nonimmigrant students

in F and M visa categories." SEVIS Reporting Requirements for Designated School Officials, https://www.ice.gov/sevis/dso-requirements (last visited August 8, 2025). Ms. Ozturk has alleged financial, immigration, academic, and employment consequences following the termination of her SEVIS record, though the parties dispute which consequences may follow the termination of a record.

Ms. Ozturk's SEVIS record became "active" in February 2021 and it remained so until the date of her arrest by ICE, March 25, 2025. On that date, an unidentified "DHS Official" terminated her SEVIS record. ECF No. 145 at 6. The next morning, ICE sent a termination notification via email to the Designated School Official at Tufts University and Ms. Ozturk. *Id.* at 7. Her record remains terminated, and the government has indicated it will not voluntarily reactivate it. *Id.*

Ms. Ozturk filed an amended petition and complaint on March 28, 2025 in the United States District Court for the District of Massachusetts. ECF No. 12. That petition discussed the termination of Ms. Ozturk's SEVIS record, *id.* at 8, 17, mentioned the same in the context of her Third Claim under the Administrative Procedure Act (APA) and the *Accardi* Doctrine, *id.* at 20, and requested the restoration of her SEVIS record in her Prayer for Relief, *id.* at 22. The same day, the Massachusetts district court ordered Ms. Ozturk not to be removed from the

3

United States until further order of the court and ordered the government to file a response by April 1, 2025. ECF No. 16. The government filed a timely response, and Ms. Ozturk filed her reply on April 2, 2025. ECF Nos. 19, 26. On April 3, 2025, the District of Massachusetts held a hearing on the amended petition. ECF No. 41.

On April 4, 2025, the Massachusetts district court denied the government's motion to dismiss the petition and its alternative request to transfer the matter to the Western District of Louisiana. ECF No. 42. The court analyzed the jurisdictional questions posed by Petitioner's claims "in the context of a habeas petition," and determined that there was "a want of jurisdiction" which merited transfer of the case to the District of Vermont "in the interest of justice," pursuant to 28 U.S.C. § 1631. ECF No. 42 at 23-24. The court did not discuss Ms. Ozturk's SEVIS record claims, nor did it discuss venue outside of the habeas context. *Id* at 23-25.

On April 18, 2025, this Court issued an Opinion and Order establishing that the Court had habeas corpus jurisdiction over Ms. Ozturk's habeas petition for relief from detention, denying the government's motion to dismiss for lack of jurisdiction, and ordering Ms. Ozturk's physical transfer to custody in Vermont. ECF No. 104. That Opinion contained a lengthy discussion of the requirements of habeas corpus jurisdiction. *Id.* at 13-29. The

4

Court did not conduct a separate inquiry into venue, because the Court understood habeas jurisdiction to be a unique inquiry that functionally combines elements of jurisdiction and venue. *Id.* at 13-15 (citing the majority and concurring opinions in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). The Court later granted Ms. Ozturk's motion for release on bail pending the resolution of her habeas petition, which allowed Ms. Ozturk to return to her studies at Tufts University. ECF No. 130, 140.

On May 23, 2025, Ms. Ozturk filed a motion for preliminary injunction seeking to require the government to reactivate her SEVIS record and restore it from the termination date. ECF No. 145. The government responded on June 6 and filed a corresponding motion to dismiss for improper venue and lack of jurisdiction. ECF No. 149. Ms. Ozturk submitted her reply supporting her motion and opposing the government's motion to dismiss on June 16, ECF No. 152, and the government replied on June 30, ECF No. 156. The motions are now fully briefed.

## Discussion

"It is well-settled that a court should resolve issues of jurisdiction and venue before addressing merits-based arguments." *Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519, 523 n.4 (E.D.N.Y. 2013) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)). The government has raised both issues in response to Ms. Ozturk's motion, so the

Court begins the analysis there. Courts in this circuit are split on whether a venue analysis should precede a jurisdictional one, or vice versa. *Compare Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 2002 WL 719471, at *3 (E.D.N.Y. Mar. 1, 2002) ("Courts should generally resolve issues of jurisdiction before venue.") (citing *Leroy v. Great Western United Corp.,* 443 U.S. 179, 180 (1979)) *with Pablo Star Ltd. v. Welsh Gov't,* 170 F. Supp. 3d 597, 602 (S.D.N.Y. 2016) ("[C]ourts may decide a challenge to venue before addressing the challenge to subject-matter jurisdiction in the interests of adjudicative efficiency.") (cleaned up). Some consideration of jurisdiction is still appropriate even if the Court determines that transfer is necessary on the basis of venue. *See Wohlbach v. Ziady,* 2018 WL 3611928, at *4 n.6 (S.D.N.Y. July 27, 2018) ("Some courts have found that a court cannot transfer a case pursuant to § 1406(a) if the court lacks subject matter jurisdiction.") (citing *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 79 n.6 (2d Cir. 1978) ("Some cases, however, have found lack of subject matter jurisdiction in the transferor court to be fatal.")).

The Court begins here with venue and determines that transfer of all SEVIS-related claims is appropriate under § 1406(a). "[C]ourts may sever claims for the purpose of permitting transfer where the administration of justice would be

6

materially advanced by severance and transfer." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016) (citing *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)) (cleaned up); *see also Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953). The Court finds that the District of Massachusetts is likely the appropriate forum for those claims, while Vermont is not, and transfer is in the interest of justice. Finally, to avoid any procedural defects, the Court also briefly considers jurisdiction, much as the District of Massachusetts court did earlier in this action. *See*, ECF No. 42 at 9 n. 1 (rejecting the government's jurisdiction-stripping arguments). This Court determines that it would likely have jurisdiction over the SEVIS claims, were it not for venue considerations, though "obviously" the transferee "court must determine its own jurisdiction." *In re Martin-Trigona*, 763 F.2d 135, 138 (2d Cir. 1985).

## I.   Venue

In suits such as this one where the defendants are officers or employees of the federal government, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). In certain circumstances, courts may exercise

their discretion to allow for "pendent venue" where some joined claims lack an independent basis for venue. *Mahmood v. Nielsen,* 312 F. Supp. 3d 417, 423 (S.D.N.Y. 2018). An objection to venue may be waived by a "a party who does not interpose timely and sufficient objection." 28 U.S.C. § 1406(b).

If venue is improper in this judicial district, the Court has two options. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[S]ection 1406(a) allows the Court to transfer the case sua sponte once a proper objection to venue is made." *Stark Carpet Corp. v. M-Geough Robinson, Inc.*, 481 F. Supp. 499, 510 (S.D.N.Y. 1980).

### a. Vermont is not an appropriate venue for SEVIS-related claims under 28 U.S.C. § 1391(e).

Were it not for Ms. Ozturk's unexpected apprehension on the streets of Boston and transport across state lines to Vermont by ICE agents, there is little chance that Ms. Ozturk would seek to bring claims related to her SEVIS record in the District of Vermont. Indeed, Ms. Ozturk did not file those claims in Vermont at all; they were filed in Massachusetts and transferred here along with her habeas petition. That transfer, as discussed

above, contemplated habeas jurisdiction but did not analyze venue for SEVIS-related claims.

Ms. Ozturk has not alleged that she or any of the defendants reside in Vermont for the purposes of 28 U.S.C. § 1391(e) parts (A) or (C). And Ms. Ozturk was not in Vermont when her SEVIS record was terminated, nor is there any evidence that she, any relevant government officials, or any relevant school officials involved in maintaining SEVIS were in Vermont at the time of the events or actions that precipitated that termination. *See* ECF No. 42 at 4 and ECF No. 145 at 6-7. So part (B) in § 1391(e)(1), which relates to the location of a substantial part of the events or omissions giving rise to the claim, is also not applicable. Therefore, no apparent basis for venue in this District exists under 28 U.S.C. § 1391(e).

> **b. Defendants have not waived their venue challenge in this Court.**

Ms. Ozturk argues that whether or not venue is proper in this District, Defendants have waived their opportunity to challenge venue for her SEVIS-related claims. ECF No. 152 at 3 (citing Fed. R. Civ. P. 12(h)(1) and 28 U.S.C. § 1406(b)). The government responds that "this litigation has been devoted exclusively the [sic] resolving the question of the legality of Petitioner's detention" so "[i]t would therefore be procedurally

inappropriate to conclude that Respondents have somehow waived any arguments." ECF No. 156 at 2.

Under Fed. R. Civ. P. 12(h), a defendant generally waives certain defenses, including venue, if they are not asserted by the first response to the complaint. *Johnson v. Bryson*, 851 F. Supp. 2d 688, 706 (S.D.N.Y. 2012) ("Rule 12(h) requires that a defendant raise threshold objections such as venue as soon as they are available.") (cleaned up). And the timeliness component of § 1406(b) waiver functionally overlaps with Rule 12(h). *See Altman v. Liberty Equities Corp.*, 322 F. Supp. 377, 378–79 (S.D.N.Y. 1971) ("Rule 12(h) simply defines the outer and absolute limits of timeliness. It does not preclude waiver by implication."). The government does not contend that it made such a timely assertion but instead argues that at no point until now has either district court reviewing this action focused on Ms. Ozturk's SEVIS-claims. The government offers no support for its proposed rule that it should be granted a second chance on venue because the Court chose to resolve other issues in this case first. That may be because courts in this circuit have enforced "Rule 12(h)'s underlying purpose of ensuring that threshold objections such as improper venue are not asserted piecemeal." *Johnson v. Bryson,* 851 F. Supp. 2d at 706 (cleaned up).

However, there is another compelling reason why venue was
not waived earlier in this case, though it relies on a logical
conclusion that the government now resists: Massachusetts is an
appropriate venue. At the time of the government's first
response to Ms. Ozturk's amended petition and complaint, ECF No.
19, this case was proceeding in the District of Massachusetts.
The government did not address venue for the SEVIS-related
claims in that response.[1] *Id.* If Massachusetts were in fact an
appropriate venue for Ms. Ozturk's SEVIS claims, there would
have been no cause at that time for the government to object to
the venue. Therefore, no objection to venue has been waived
under Rule 12(h) in this Court. "If the defense or objection a
party is seeking to raise was not available to the party at that
earlier time then the defense or objection is not waived." *Jenny
Yoo Collection, Inc. v. Watters Design Inc.*, 2017 WL 4997838, at
*5 (S.D.N.Y. Oct. 20, 2017) (cleaned up).

While the government now submits a cursory argument that
"it is unclear if the District of Massachusetts in the right

---

[1] This is so even though, as the government acknowledges now,
"[i]n her Amended Petition, ECF No. 12, Ozturk explained why
Massachusetts was the proper venue for this case." ECF No. 149
at 10. The government did, however, urge transfer of Ms.
Ozturk's Amended Petition to the Western District of Louisiana
as alternative relief, though the government only discussed Ms.
Ozturk's habeas claims. ECF No. 19 at 26-29. That district would
likely suffer the same venue deficiencies for SEVIS claims that
the government argues exist in Vermont, as discussed above.

venue for Ozturk's non-habeas claim," ECF No. 149 at 10 n.2, that argument is in fundamental conflict with its non-waiver argument. If the government had an available objection to the SEVIS-related claims in the District of Massachusetts, the government should have raised it there when the SEVIS-related claims were added to the amended petition and complaint. If it did not raise a venue objection earlier, either there was no objection available to raise or the government missed the opportunity. Because this Court finds that venue is proper in Massachusetts, the Court does not consider the government's venue defense waived by failure to assert it earlier.

### c. The Court does not exercise pendent venue over the SEVIS-related claims.

Both parties acknowledge that courts sometimes have the discretion to exercise "pendent venue" over claims like Ms. Ozturk's SEVIS claims. Ms. Ozturk submits that "the doctrine of pendent venue permits a court 'in its discretion [to] hear pendent claims which arise out of the same nucleus of operative facts as a properly venued federal claim.'" ECF No. 152 at 3 (citing *Mahmood*, 312 F. Supp. 3d at 423). The government notes that "[p]endent venue might be a sound exercise of discretion, but only when the pendent claim 'arise[s] out of the same common nucleus of operative facts as other claims to which venue is proper.'" ECF No. 156 at 3 (citing *Eleazu v. Dir. U.S. Army*

*Network Ent. Cen.*, 2020 WL 6875538, at *4 (D.S.C. Nov. 23, 2020)).

In its opposition to the exercise of pendent venue, the government has made four arguments. First, the government argues that Ms. Ozturk's SEVIS claim was not properly pled in her First Amended Petition and Complaint. ECF No. 156 at 2-3. This argument is irrelevant, because even if the pleading were deficient, the Court "should freely give leave" to amend the pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (remanding to the district court to deploy its discretion to grant or deny leave to amend pleadings following the Supreme Court's opinion). It is not necessary at this stage for the Court to consider whether any amendments are necessary, but the transferee court may choose to do so.

The government's second objection is that Ms. Ozturk's habeas petition is subject to an interlocutory appeal pending before the circuit court, so "[t]he prospect that this Court's assertion of habeas jurisdiction may be overruled, is another reason not to lean into a theory of pendent venue for the SEVIS-related claim." ECF No. 156 at 3. The government cites no support for that proposition. In the related context of subject matter jurisdiction, a court *may* decline to exercise supplemental jurisdiction over a claim if the court has

13

dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). But the Court is unaware of any authority suggesting courts should preemptively dismiss some claims on the grounds that other claims could theoretically be dismissed on appeal. Further, the Second Circuit has already evaluated the government's habeas jurisdictional arguments and found them likely to fail. *Ozturk v. Hyde*, 136 F.4th 382, 387 (2d Cir. 2025); *see also Suri v. Trump*, 2025 WL 1806692 (4th Cir. July 1, 2025).

Third, the government argues that 28 U.S.C. § 1391(e)(1) shows Congress's clear intent to specify where claims such as these must be filed. ECF No. 156 at 3. This argument is related to the government's fourth argument that the SEVIS-related claims are separate from Ms. Ozturk's habeas claims, so "whether Ozturk is entitled to habeas relief is unrelated to whether her current SEVIS entry should be disturbed by this Court." *Id.*

As discussed in more detail above and below, Vermont has no relation to Ms. Ozturk's SEVIS claims, while Massachusetts does. Ms. Ozturk's habeas claims are proceeding in this Court because of the government's decision to transport Ms. Ozturk across state lines away from her home during her arrest and detention. That decision, combined with Supreme Court precedent dictating only one specific location where her habeas petition could be heard in relation to the time of filing, resulted in this Court

14

assuming jurisdiction over her habeas petition. *See* ECF No. 104.
But the very concepts of jurisdiction and venue are ill-defined
in the context of habeas. Indeed the majority opinion of the
Supreme Court in one case that controlled this Court's analysis,
*Rumsfeld v. Padilla*, does not mention the concept of "venue" at
all. Justice Kennedy's concurrence in that case delves into "the
question of [whether] the proper location for a habeas petition
is best understood as a question of personal jurisdiction or
venue." *Rumsfeld v. Padilla*, 542 U.S. at 451 (Kennedy, J.
concurring). However, even Justice Kennedy decided against
answering that question. *Id.* at 453. Similarly, this Court has
not taken a position on whether "venue" has been established in
Vermont for Ms. Ozturk's habeas petition, as the Court has not
understood that to be a necessary question under the precedent
controlling habeas jurisdiction. ECF No. 104 at 13-29

Ms. Ozturk cites to *Saravia v. Sessions*, 280 F. Supp. 3d
1168, (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v.
Sessions*, 905 F.3d 1137 (9th Cir. 2018), to support her argument
that pendent venue would be appropriate here. ECF No. 152 at 5.
That case explored the doctrine of pendent venue and found that
"'[o]nce a court has determined that venue is proper as to one
claim, it may exercise pendent venue to adjudicate closely
related claims.'" *Id.* at 1191 (quoting *United Tactical Sys. LLC
v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D.

15

Cal. 2015)). Here, regardless of whether these claims are closely related, this Court has not "determined that venue is proper," precisely because the habeas jurisdiction the Court previously found in this case is not *per se* a venue determination. Indeed, a review of the Court's April 18, 2025 Opinion establishing habeas jurisdiction shows that the Court did not explicitly consider "venue" in its analysis, since the location where a habeas petition may be heard is a *sui generis* inquiry. *See* ECF No. 104 at 13-29.

Ms. Ozturk also cites to *Mahmood v. Nielsen* in which the court exercised pendent venue over a habeas claim after finding that the plaintiff's INA claim was properly venued in that district. 312 F. Supp. 3d at 423-24. However, the situation here is the opposite, as the Court has not previously made any finding about venue in this District. Clearly it is necessary for a court to establish that venue is proper for one claim before it may consider pendent venue for other claims. But the peculiarities of habeas jurisdiction defy easy categorization into more general concepts such as venue, as Justice Kennedy noted in *Rumsfeld v. Padilla*. Because there are other districts where Ms. Ozturk's non-habeas claims are properly venued, the Court need not undertake the task of defining venue in the context of habeas here. "The Court declines to wade into this doctrinal morass. A court—and especially a district court—should

be reluctant to opine on an unsettled issue of law when the court can resolve a case on an alternative ground." *New York v. Scalia*, 464 F. Supp. 3d 528, 546 (S.D.N.Y. 2020) (citing *Penn v. New York Methodist Hosp.*, 884 F.3d 416, 426 n.5 (2d Cir. 2018) (noting the "cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more")). Therefore, the Court does not exercise pendent venue over Ms. Ozturk's SEVIS-related claim.

**d. Venue is proper in the District of Massachusetts.**

Suits may be brought against government employees, "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . ., or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). The government now argues that "it is unclear" whether the District of Massachusetts is an appropriate venue, but it has based that claim only on a loosely argued objection to Ms. Ozturk's residence for the purpose of venue. ECF No. 149 at 10. Ms. Ozturk has noted that the government's residence challenge would be incongruous with its position in other similar litigation. ECF No. 152 at 4. The government has not addressed, either now or in any previous briefing, why Ms. Ozturk's SEVIS claims are not appropriately brought in Massachusetts under 28 U.S.C. § 1391(e) parts (A) or (B).

17

"The residence of a public official sued in his official capacity is his official residence; that is, the place where his office is maintained." *Hartke v. Fed. Aviation Admin.*, 369 F. Supp. 741, 746 (E.D.N.Y. 1973) (collecting cases). Ms. Ozturk's First Amended Petition and Complaint name as defendants two individuals who, by all available evidence, maintain their office in Massachusetts. ECF No. 12 at 1. Michael Krol is the HSI New England Special Agent in Charge, and the HSI New England office is in Boston. *See* https://www.ice.gov/who-we-are-offices/homeland-security-investigations. Patricia Hyde is the ICE Enforcement and Removal Operations Boston acting Field Office Director with an office in Burlington, Massachusetts. *See* https://www.ice.gov/field-office/boston-field-office. The government has not made any representation that these senior ICE officials are not appropriately named defendants in this case for the purpose of venue, possibly because the naming of specific government defendants can be an academic exercise. *Cf. Hafer v. Melo,* 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.") (cleaned up).[2] Therefore venue is appropriate in Massachusetts under 28 U.S.C. § 1391(e) part (A).

_____

[2] To the extent the government later argues that these two ICE officials are not appropriately named in relation to SEVIS

Massachusetts would also be an appropriate venue under 28 U.S.C. § 1391(e) part (B) as it is where "a substantial part of the events or omissions giving rise to the claim occurred." *Id.* "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005). As described above, SEVIS is a recordkeeping system used by both ICE and Tufts University officials. A SEVIS record may be terminated by either ICE or Tufts, and the consequences for such a termination are felt by Ms. Ozturk largely in relation to her interactions with her academic community in Massachusetts. ECF No. 145 at 12-13. The termination of Ms. Ozturk's SEVIS record by an unknown DHS official was communicated to a Tufts employee at the same time as it was emailed to Ms. Ozturk, who lacked access to her email in ICE custody. The decision to terminate Ms. Ozturk's SEVIS record was a discrete action separate and apart from her removal proceedings,[3] and Ms. Ozturk has alleged that her termination was

---

issues, the transferee court may allow an amended pleading to add defendants under Fed. R. Civ. P. 15.

[3] "Historically, if the State Department revoked an F-1 visa, Defendants did not rely on that fact to terminate a SEVIS record. In guidance issued on June 7, 2010, SEVP stated '[v]isa revocation is not, in itself, a cause for termination of the

in retaliation for her speech while at Tufts — which the
government has not meaningfully rebutted. And the Court has no
evidence available about which individuals were involved in that
decision-making or implementation, though it is reasonable to
assume that the named DHS defendants in Massachusetts were
involved. Therefore, a substantial part of the events giving
rise to Ms. Ozturk's SEVIS-related claims likely occurred in
Massachusetts for the purposes of § 1391(e) part (B).

The parties disagree on whether venue would be proper in
Massachusetts under § 1391(e) part (C), which relates to the
residence of the plaintiff. *Compare* ECF No. 149 at 10 *with* ECF
No. 152 at 4-5. The Court has found two other bases for venue in
Massachusetts, so it is unnecessary to settle that question at
this time.

### e. Severance and transfer of Ms. Ozturk's SEVIS claims is in the interest of justice.

"Although the venue in the case at bar is improper,
dismissal of the action need not be ordered." *United Nations
Korean Reconstruction Agency v. Glass Prod. Methods, Inc,* 143 F.
Supp. 248, 250 (S.D.N.Y. 1956). 28 U.S.C. § 1406 requires the
Court to either dismiss the claim or transfer it to a district

---

student's SEVIS record.'" *Doe v. Trump*, 2025 WL 1467543, at *3
(N.D. Cal. May 22, 2025) (citing ICE Policy Guidance 1004-04 —
Visa Revocations at p. 3 (June 7, 2010)).

where it may have been brought "if it be in the interest of justice." Though § 1406 uses the term "case" rather than "claim," courts have long authorized the severance and transfer of discrete claims lacking venue rather than an entire case. *See United Nations Korean Reconstruction Agency*, 143 F. Supp. at 250 (transferring some claims pursuant to § 1406); *see also Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26 (S.D.N.Y. 2016); *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953). Severance of any claim is separately authorized by Fed. R. Civ. P. 21. "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

"If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (cleaned up). "The functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits." *Minnette,* 997 F.2d at 1027.

Ms. Ozturk has argued that judicial economy, convenience, and avoidance of piecemeal litigation all counsel in favor of considering all of Ms. Ozturk's claims together here. ECF No. 152 at 5 (citing *Saravia,* 280 F. Supp. 3d at 1192-93). Ms. Ozturk makes a persuasive argument on all of those concerns; however, since this Court will not consider Ms. Ozturk's SEVIS-related claims under pendent venue, the remaining choices are dismissal or transfer. The government has not argued that these claims should be dismissed with prejudice, and its arguments about an alternate appropriate venue for these claims, ECF No. 149 at 9-10, demonstrate that it has contemplated the likelihood of Ms. Ozturk proceeding in another district.

Faced with the choice between dismissal and transfer, the Court finds that transfer of Ms. Ozturk's SEVIS-related claims back to Massachusetts would almost certainly be a faster route to timely resolution than requiring her to refile her claims. Dismissal on the other hand would penalize a justice-defeating technicality. This is especially true since Ms. Ozturk initially brought those claims in Massachusetts four months ago, and she has alleged ongoing negative consequences of the challenged government actions. Therefore, transfer is warranted in the interest of justice.

## II.  Jurisdiction

"Some courts have found that a court cannot transfer a case pursuant to § 1406(a) if the court lacks subject matter jurisdiction." *Wohlbach v. Ziady*, 2018 WL 3611928, at *4 n.6 (S.D.N.Y. July 27, 2018). Therefore, prior to transfer, the Court considers in a preliminary sense whether subject matter jurisdiction is lacking. This is in keeping with Second Circuit precedent requiring a transferor court to consider the viability of claims it is transferring. "[A] court's limited jurisdiction to decide whether to transfer or dismiss a case over which it lacks jurisdiction thus includes a power of limited review of the merits. If a peek at the merits reveals that the case is a sure loser . . . [the court] should dismiss the case rather than waste the time of another court." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (cleaned up).

The government's non-venue objections to Ms. Ozturk's motion for preliminary injunction have primarily relied on various statutes which the government argues strip not just this Court but any district court of subject matter jurisdiction over the SEVIS-related claims. The Court now takes "a peak at the merits" of that argument and determines that there is no apparent jurisdictional bar to Ms. Ozturk's claims, so her

claims are not "sure loser[s]." Therefore, transfer is appropriate.

### a. Immigration and Nationality Act

The government has raised multiple familiar INA provisions which it argues strip courts with the ability to review Ms. Ozturk's SEVIS-related claims. This Court, the Second Circuit, and the Fourth Circuit have previously rejected the application of these INA provisions to habeas petitions like Ms. Ozturk's. ECF No. 104; *Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025); *Suri v. Trump,* 2025 WL 1806692 (4th Cir. July 1, 2025).

The government concedes that "Ozturk does not challenge the revocation of her visa," ECF No. 149 at 13, but it argues that her "SEVIS termination [] flow[s] directly from the visa revocation and resulting initiation of removal proceedings," so this Court's consideration of that issue is barred by the INA. This argument is virtually identical to the government's unpersuasive argument in the context of habeas jurisdiction. When rejecting that argument, the Second Circuit found:

> Ozturk's claims of unlawful and retaliatory detention are independent of, and collateral to, the removal process. Her detention does not arise from the government's commencement of proceedings. . . . Nor does her detention-related claim seem to arise from the decision to adjudicate her removal case, since her challenge to her detention has nothing to do with whether a removal action should be abandoned or whether the formal adjudicatory process should proceed. . . . In other words, her detention was not mandated by the mere fact that her case was under adjudication.

*Ozturk v. Hyde*, 136 F.4th 382, 397-98 (2d Cir. 2025).

The same reasoning is likely to apply to Ms. Ozturk's SEVIS claims. The government concedes that ICE made a "decision to terminate her SEVIS record." ECF No. 149 at 14. And Ms. Ozturk has presented evidence, including official ICE policy guidance, showing that the termination of her SEVIS record was atypical following visa revocation. ECF No. 145 at 6. Whether that specific decision by ICE was arbitrary, capricious, an abuse of discretion, not in accordance with law, or contrary to a constitutional right, 5 U.S.C. § 706(2), is likely a proper subject of inquiry for a reviewing court, as numerous other courts have found. *See, e.g., Azharuddin Mohd v. Dep't of Homeland Sec,* 2025 WL 2112425, (E.D.N.Y. July 28, 2025); *Parra Rodriguez v. Noem*, 2025 WL 1284722 (D. Conn. May 1, 2025).

### b. Privacy Act

The government also argues that the Privacy Act of 1974, 5 U.S.C. § 552a, bars Ms. Ozturk's claims. This theory is premised on the understanding that SEVIS is a system of records under the Privacy Act and that the Privacy Act excludes international students from Turkey from bringing challenges to "correct" a record in that system. ECF No 149 at 14-17. Therefore, the government argues, the Privacy Act precludes all judicial review of her claims. ECF No. 149 at 17.

Ms. Ozturk responds persuasively that "this claim does not seek to correct record-keeping error; it challenges ICE's decision to terminate Ms. Öztürk's SEVIS record, which causes her to lose opportunity for employment and suffer disruption of her academic life." ECF No. 152 at 7. She further notes that approximately a dozen cases around the country have recently grappled with this question and rejected the government's position. ECF No. 152 at 6-7 (citing *Doe #1 v. Noem*, 2025 WL 1348503, at *11 (D.N.J. May 8, 2025) ("In recent weeks, Defendants' argument has been unsuccessful in a number of similar cases.") (collecting cases). Some of these courts have explicitly rejected the government's premise that a SEVIS record is an administrative record with no immigration consequences. *Doe v. Trump*, No. 25-CV-03140-JSW, 2025 WL 1467543, at *7 (N.D. Cal. May 22, 2025) ("Defendants' argument that there is a distinction between having an active SEVIS record and maintaining lawful F-1 status is unpersuasive and unsupported by the record. By terminating Plaintiffs' SEVIS records, Defendants altered Plaintiffs' legal status within the United States."). And the government has not provided a case where the Privacy Act was held to bar a SEVIS-related claim. The Court need not dispose of this issue at this stage, as its only task is to ensure that it is not passing along to the District of Massachusetts an unviable claim. Ms. Ozturk has more than

carried her argument for that purpose. There are likely no jurisdictional bars that preclude the consideration of Ms. Ozturk's SEVIS-related claims by the transferee court.

**III. Substance of Ms. Ozturk's SEVIS-related claims**

Beyond venue and jurisdiction, the Court has not considered the substance of Ms. Ozturk's motion for a preliminary injunction or the government's response. The government primarily argued against granting Ms. Ozturk's motion on the grounds of improper jurisdiction and venue. The substantive issues presented by Ms. Ozturk's SEVIS-related claims, either at the preliminary stage or at the merits stage, along with the underlying retaliation and APA violation claims, would be properly considered by the transferee court.

## Conclusion

For the preceding reasons, Ms. Ozturk's claims related to the termination of her SEVIS record are severed from this habeas case and transferred to the District of Massachusetts.


DATED at Burlington, in the District of Vermont, this 18th day of August, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge